UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                Defendants.

06CV 15522
J. MARRERO

Civil Action No.

**COMPLAINT**

FILED: 12/28/2006

    Plaintiff, by and through its attorneys, Holland & Knight LLP, as and for its Complaint, alleges:

    1.    Plaintiff, Musket Corporation ("plaintiff" or "Musket"), is a Oklahoma corporation having its principal place of business at 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma.

    2.    Defendant PDVSA Petroleo, S.A., also known as PDVSA Petroleo y Gas, S.A. ("PDVSA"), is, upon information and belief, a state-owned Venezuelan corporation having its principal place of business in Caracas, Venezuela.

    3.    Defendant Advanced Engineering Development Ltd. ("Advanced Engineering") is, upon information and belief, a Spanish corporation having its principal place of business in Malaga, Spain.

    4.    This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the citizen of a State and citizens or subjects of foreign states.

5.  In November, 2006, plaintiff, as purchaser, and Advanced Engineering, as seller, entered into a Sales & Purchase Agreement for 35,708 metric tons of D2 Diesel Oil, to be shipped from Venezuela by the vessel "Team Aniara" (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit 1.

6.  The Agreement provides for payment to be made by Musket to PDVSA in part, and to Advanced Engineering in part.

7.  PDVSA is a third-party beneficiary of the Agreement.

8.  To secure the rights of PDVSA as third-party beneficiary, the Agreement provides that Musket shall establish a Standby Letter of Credit to PDVSA.

9.  The Agreement also provides that, in the event of legal proceedings thereunder, the prevailing party shall be entitled to an award of attorneys' fees and costs.

10. Thereafter, Musket, as applicant, established Standby Letter of Credit No. CTCS-651908 with JPMorgan Chase Bank, N.A. in favor of PDVSA (the "Standby LOC"). A copy of the Standby LOC is annexed hereto as Exhibit 2.

11. Thereafter, the Agreement was amended in writing. A copy of the "Contract Amendment to Contract" (the "Contract Amendment") is annexed hereto as Exhibit 3. The Contract Amendment, among other things, sets forth the approximate total purchase price of $17,928.695.90, to be adjusted on the basis of shore tank receipt figures, and provides that the purchase price shall be paid and allocated as follows: approximately $14,430,000.00 to PDVSA; approximately $1,309,000.00 to Advanced Engineering; and approximately $2,191,000.00 to Team Tankers AS.

12. On or about December 10, 2006, the cargo was delivered and discharged at Antwerp, Belgium.

13. Based on the delivery volume recorded on the shore tank receipts, the total purchase price was $17,933,192.57.

14. Musket has paid the above-mentioned purchase price in full, by means of wire transfers, as follows: $1,309,000.00 paid to Advanced Engineering on or about December 5, 2006; $2,191,000.00 paid to Team Tankers on or about December 4, 2006; and $14,433,192.57 paid to PDVSA on or about December 19, 2006.

15. Upon information and belief, notwithstanding plaintiff's payment in full, PDVSA has drawn down the Standby LOC in an amount in excess of $1,500,000.00.

16. Such a draw-down constitutes a breach of the Agreement and unjust enrichment.

17. In the alternative, should it be determined that PDVSA is entitled to the funds drawn down, then plaintiff is entitled to judgment against Advanced Engineering in such amount, for breach of contract and unjust enrichment.

**WHEREFORE**, plaintiff demands judgment in an amount to be determined at trial, but believed to be in excess of $1,500,000.00, against the defendants, together with its attorney's fees, interest and costs, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 28, 2006

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff

By: _____
    John J. Reilly (JR 9031)
    David D. Howe (DH 6201)
195 Broadway
New York, New York 10007
(212) 513-3200

Exhibit 1

# SALES & PURCHASE AGREEMENT

## BETWEEN

**Advanced Engineering Development Ltd.**
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as the "Seller")

## AND

**Musket Corporation**
10601 N Pennsylvania Ave., Oklahoma City, OK 73120
(Hereinafter Referred to as the "Buyer")

## RECITALS

**WHEREAS**, Seller, with full corporate authority and responsibility, agrees to sell and deliver the herein specified quantity and quality of 35'708 metric ton ("MT") D2 Diesel Oil (the "Commodity") to Buyer and Buyer agrees to purchase said Commodity from Seller in the amount and in the quantity herein stipulated.

**NOW, THEREFORE**, the parties hereto agree to enter into this Sale & Purchase Agreement (the "Agreement") upon consideration of the mutual covenants hereof and promise to abide by the terms and conditions of this Agreement to sell and purchases the Commodity.

**Commodity Specifications:** As per attached Schedule A.

**Quantity:** 35'708 MT.

**Destination/Delivery:** Delivered into destination shore tanks on the M/T TEAM ANIARA.

**Origin:** Venezuela.

**Price:** On Delivered basis to the U.S. Gulf Coast and or European port option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon. All other destinations to be adjusted according to the charter party.



{00105863.DOC;4}

1

**Documents:** The documents that will be handed over by Seller to Buyer for confirmation that the Commodity has been discharged are as follows:
(i) One (1) original and three (3) copies of the Commercial Invoice, based on the loaded quantity and quality by SGS report, showing name of vessel, date of completion, discharge quantity and state of delivery;
(ii) Three (3) original and non-negotiable copies of Bill of Lading ("B/L"), with the B/L to be signed by the owner and master of vessel issued or endorsed to the order or to the Buyer showing destination;
(iii) One (1) original and three (3) copies of the Certificate of Quantity issued at the discharge port;
(iv) One (1) original and three (3) copies of the Certificate of Quality issued at the discharge port;
(v) One (1) original and three (3) copies of the Certificate of Origin by the oil company;
(vi) One (1) original and three (3) copies of the Master's Receipt of samples;
(vii) One (1) original of the Ullage report issued at loading terminal; and
(viii) One (1) original and three (3) copies of the Cleanliness Report at loading port.

**Payments:** All payments shall be in US Dollars, against a Standby Letter of Credit to PDVSA Petroleo S.A., within three (3) banking days after the latter of (i) confirmation of compliance with contractual specifications; (ii) discharge of the Commodity; and (iii) confirmation of the quantity in receiving shore tank of Commodity at discharge port, as follows:

A. <u>Issued to</u>:
PDVSA PETROLEO S.A.
JP MORGAN CHASE NEW YORK N.Y.
270 Park Av. New York 10172
Account No.: 0011992765
Router 022000021 Swift: CHASUS33

<u>Amount</u>: On Delivered basis to the U.S. Gulf Coast and or European option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon, LESS US$61.00 per MT.

B. <u>Letter of Credit payable at sight of documents 25 days from BL date. Confirmed by Credit Suisse, Issued to</u>:
ADVANCED ENGINEERING DEVELOPMENT LTD.
CREDIT SUISSE FIRST BOSTON
17 RUE DE LAUSANNE
CH- 1211 GENEVA 70
FAX + 4122 3932334
SWIFT: CRESCHZZ12A
Account Number: 0251-255055-52 USD

2


{00105863.DOC;4}

Amount: US$61.00 per MT.

**Claims:** Any claim that either party may have for loss or damages hereunder, due to an occurrence or event, shall be submitted in writing to the other party within a period of two (2) months from the date of that occurrence or event.

In the event that the quality of any one of the delivered batches fails to comply with the contractual specifications, then Buyer shall have the option to accept the said batch at a mutually acceptable lower price, which is agreed upon in writing prior to the commencement of the discharge operations, or to reject the same.

If within thirty (30) calendar days from the date of discharge of a vessel, Buyer fails to inform Seller of the non-compliance of a Commodity with the contractual specifications, the Commodity will be deemed to have been accepted by Buyer, and Seller will accept no non-compliance claim thereafter.

All claims will be made in writing and both parties agree to acknowledge such claims by written acceptance thereof (upon request therefore).

**Laytime:** Buyer warrants that Seller's nominated vessel(s) will be allowed to discharge their cargo within thirty-six (36) free running hours, Sundays and legal holidays included ("SHINC"), plus six (6) hours after docking at the discharge dock, maintaining at the ship's manifolds an average discharge pressure of not more than ten (10) kilograms per square centimeter (kg/cm2).

NOR shall be given on departure from the loading port, on 96/72/48/24/12 hrs., and on such vessel's arrival at Buyer's designated discharge port, by the ship's master to Buyer and/or its agent, by radio, cable or by hand, at any time, SHINC.

Laytime shall commence upon the vessel being all-fast in berth.

**Berthing Order:** Vessels arriving and issuing a valid NOR within the date rage approved by Musket (the "approved laydays") will be berthed at the terminal dock in the order of their tendering of valid NOR and will have priority over early or late vessels. A vessel arriving after its approved laydays will be allocated available time slots on the dock schedule.

**Demurrage:** Demurrage at discharge port (if any) (i) if not caused by Buyer's nominated discharge terminal, will be paid by Seller to Buyer; and (ii) if caused by Buyer's nominated discharge terminal, will be paid by Buyer to Seller. Demurrages amount shall be computed at the charter party rate. For this purpose, Seller shall provide the Buyer with a copy of the original charter party. Demurrages will be based on daily rate or pro-rata thereof.

**Duties and Taxes:** Buyer shall be responsible for all duties and taxes levied on cargo by the authorities of the country of discharge. Title shall pass from Seller to Buyer when the complete discharge of cargo is made to Buyer.

3

{00105863.DOC;4}

**Applicable Law:** This Agreement and the legal relations between the parties shall be governed by the laws of the State of New York without giving effect to any conflict of law provision (whether of the State of New York or any other jurisdiction) that would cause the application of the law of any other jurisdiction. The parties agree to make good faith efforts to resolve any dispute arising under or in relation to this Agreement in an amicable manner. All legal proceedings arising under or in relation to this Agreement are to be conducted in English. In any action to enforce or defend this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs associated therewith.

**Force Majeure:** Neither party to this agreement shall be responsible for a breach of contract cause by events beyond its reasonable control, including without limitation, acts of God, insurrection, breakdown of refinery operations or supplies to the Seller (upon which Seller necessarily relies in its performance hereunder), civil war, military operations, and national or local emergencies; provided such party acts in good faith and with due diligence to cure such non-performance at the earliest possible date.

**Non Circumvention / Non Disclosure:** The undersigned parties do hereby accept and agree to fulfil obligations due to agents and facilitators; provided that all fees or commissions owed thereto in connection herewith shall be paid by Seller. In the event of direct, or even indirect circumvention through a third party, the circumvented party shall be entitled to legal monetary award equal to the maximum service fees it should have realized from the transaction. Seller agrees to indemnify, defend and hold Buyer harmless from and against any and all liabilities and claims for agent and/or facilitator fees in regard to this Agreement.

**Language and Signing:** The terms and conditions of this Agreement shall inure to the benefit of and be binding on all parties hereto and their respective successors and assigns. The parties confirm that each has read and understood the terms and conditions hereof as written. If any term and condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of the Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Both parties having understood all the terms and conditions of this Agreement hereby agree to honour all clauses with all privileges, rights and immunities pertaining herein, making this Agreement effective on the date of signing by all parties. If executed in multiple copies by the parties hereto, all such copies taken together shall constitute a binding instrument.

**Declaration:** The undersigned declare that the foregoing instrument fully sets forth the entire agreement between the parties and that the signatories below have been fully and duly authorised to enter into and bind its respective company to the terms of this Agreement.

{00105863.DOC;4}

4

IN WITNESS WHEREOF, the parties have executed this Agreement under the hand of their duly authorised officers as witnessed below, as of the date of last execution hereof.

**SELLER:**

**ADVANCED ENGINEERING DEVELOPMENT LTD.**

By: /s/ *[signature]*
Irini Nicoletos, Director

Date of Execution: November ___, 2006


**BUYER:**

**MUSKET CORPORATION**

By:_____
Name:_____
Title:_____

Date of Execution: November ___, 2006

{00105863.DOC;4}                                                              5

Exhibit 2

JPMORGAN CHASE BANK    Fax:3129542458    Aug 31 2005 16:53    P.02

## JPMorganChase

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

IRREVOCABLE STANDBY LETTER OF CREDIT NO. CTCS-651908

BENEFICIARY:
PDVSA PETROLEO Y GAS, S.A.
DIVISION CORPORATIVA DE MANUFACTURA Y MERCADEO
EDIF. PDVSA, TORRE OESTE
AV. LIBERTADOR, LA CAMPINA
CARACAS, VENEZUELA

GENTLEMEN:

BY THE ORDER OF:

APPLICANT:
MUSKET CORPORATION
10601 N. PENNSYLVANIA (73120)
P.O. BOX 26210
OKLAHOMA CITY, OK 73126
UNITED STATES

WE HEREBY ISSUE IN FAVOR OF PDVSA PETROLEO Y GAS, S.A. OUR IRREVOCABLE STANDBY LETTER OF CREDIT NO: CTCS-651908 FOR THE ACCOUNT OF MUSKET CORPORATION FOR AN AMOUNT OR AMOUNTS NOT TO EXCEED IN THE AGGREGATE US $16,400,000.00 +/- 10% (SIXTEEN MILLION FOUR HUNDRED THOUSAND AND 00/100 U.S. DOLLARS PLUS/MINUS TEN PERCENT) AVAILABLE BY YOUR DRAFTS AT SIGHT ON JPMORGAN CHASE BANK, N.A., CHICAGO, IL EFFECTIVE NOVEMBER 14, 2006 AND EXPIRING AT OUR OFFICE ON DECEMBER 29, 2006.

FUNDS UNDER THIS CREDIT ARE AVAILABLE AGAINST YOUR DRAFT(S) AS HEREIN ABOVE SET FORTH MARKED "DRAWN UNDER JPMORGAN CHASE BANK, N.A. LETTER OF CREDIT NO. CTCS-651908" AND ACCOMPANIED BY THE FOLLOWING:

BENEFICIARY'S SIGNED AND DATED STATEMENT: "WE, PDVSA PETROLEO Y GAS, S.A., HEREBY CERTIFY THAT MUSKET CORPORATION HAS FAILED TO PAY US ON DUE DATE THE AMOUNT OF U.S. $16,400,000.00 PLUS +/- 10% (SIXTEEN MILLION FOUR HUNDRED THOUSAND AND 00/100 U.S. DOLLARS PLUS AND MINUS TEN PERCENT) FOR THE SHIPMENT OF MT35,708 OF D2 DIESEL OIL FROM PUNTA CARDON, VENEZUELA TO HOUSTON, TEXAS, USA SHIPPED ON VESSEL M/T TEAM ANIARA." THEREFORE, WE

JPMORGAN CHASE BANK   Fax:3129542458            Aug 31 2003  16:53   P.03

**JPMorganChase**

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

DEMAND PAYMENT OF SAID AMOUNT IN SAME DAY FUNDS VIA WIRE TRANSFER TO OUR ACCOUNT PDVSA PETROLEO S.A., JPMORGAN CHASE BANK, N.A., NEW YORK 270 PARK AVE., NEW YORK 10172, ACCOUNT NUMBER 0011992765 ROUTER 022000021 SWIFT: CHASUS33.

WE ENGAGE WITH THE BENEFICIARY THAT DRAFTS DRAWN UNDER AND IN CONFORMITY WITH THE TERMS AND CONDITIONS OF THIS CREDIT WILL BE DULY HONORED ON PRESENTATION IF PRESENTED ON OR BEFORE THE EXPIRATION AT OUR COUNTERS AT 300 SOUTH RIVERSIDE PLAZA, MAIL CODE IL1-0236, ATTN: STANDBY LETTER OF CREDIT UNIT, CHICAGO, IL 60606-0236. THE ORIGINAL LETTER OF CREDIT MUST ACCOMPANY THE DOCUMENTS REQUIRED UNDER THIS CREDIT FOR ENDORSEMENT.

ALL BANKING CHARGES RELATED TO THIS LETTER OF CREDIT ARE FOR THE ACCOUNT OF THE APPLICANT. PAYMENTS WILL BE MADE TO THE BENEFICIARY WITHOUT DEDUCTION OF ANY BANK FEE.

IF THIS CREDIT EXPIRES DURING AN INTERRUPTION OF BUSINESS AS A RESULT OF ONE OR MORE OF THE OCCURRENCES SPECIFIED IN ARTICLE 17 OF PUBLICATION 500, IT SHALL BE DEEMED AUTOMATICALLY EXTENDED TO THE DAY OCCURING 30 CALENDAR DAYS AFTER THE PLACE FOR PRESENTATION RE-OPENS FOR BUSINESS.

IN ACCORDANCE WITH UCP500 ARTICLES 4 AND 15, OUR OBLIGATION TO HONOR DRAFTS DRAWN AND DOCUMENTS PRESENTED UNDER AND IN CONFORMITY WITH THE TERMS AND CONDITIONS OF THIS CREDIT IS INDEPENDENT OF THE UNDERLYING TRANSACTION AND WE ARE NOT RESPONSIBLE FOR ACCURACY OF ANY STATEMENT MADE IN ANY DOCUMENT REQUIRED, IRRESPECTIVE OF WHETHER THE APPLICANT HAS BECOME SUBJECT TO ANY BANKRUPTCY, REORGANIZATION OR INSOLVENCY PROCEEDING.

THIS LETTER OF CREDIT SETS FORTH IN FULL THE TERMS OF OUR UNDERTAKING, AND SUCH UNDERTAKING SHALL NOT IN ANY WAY BE MODIFIED, AMENDED OR AMPLIFIED BY REFERENCE TO ANY DOCUMENT, INSTRUMENT OR AGREEMENT REFERRED TO HEREIN OR IN WHICH THIS LETTER OF CREDIT IS REFERRED TO OR TO WHICH THIS LETTER OF CREDIT RELATES, AND ANY SUCH REFERENCE SHALL NOT BE DEEMED TO INCORPORATE HEREIN BY REFERENCE ANY DOCUMENT, INSTRUMENT OR AGREEMENT.

THIS LETTER OF CREDIT IS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, AND, EXCEPT AS OTHERWISE EXPRESSLY STATED HEREIN, TO THE UNIFORM RULES FOR DOCUMENTARY CREDITS, ICC PUBLICATION NO.

JPMORGAN CHASE BANK    Fax:3129542458           Aug 31 2003 16:53    P.04

**JPMorganChase**

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

500, 1993 REVISION, AND IN THE EVENT OF ANY CONFLICT, THE LAWS OF THE STATE OF NEW YORK WILL CONTROL, WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS.

PLEASE ADDRESS ALL CORRESPONDENCE REGARDING THIS LETTER OF CREDIT TO THE ATTENTION OF THE STANDBY LETTER OF CREDIT UNIT, 300 S. RIVERSIDE PLAZA, MAIL CODE IL1-0236, CHICAGO, IL 60606-0236, INCLUDING THE LETTER OF CREDIT NUMBER MENTIONED ABOVE. FOR TELEPHONE ASSISTANCE, PLEASE CONTACT THE STANDBY CLIENT SERVICE UNIT AT 1-800-634-1969, SELECT OPTION 1, AND HAVE THIS LETTER OF CREDIT NUMBER AVAILABLE.

*E. Alvarez*
AUTHORIZED SIGNATURE

Exhibit 3

CONTRACT AMENDMENT TO CONTRACT BETWEEN:

Advanced Engineering Development Ltd.
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as the "Seller")

AND

Musket Corporation
10601 N Pennsylvania Ave., Oklahoma City, OK 73120
(Hereinafter Referred to as the "Buyer")

Amendment to the following clauses:

**Destination/Delivery:** Delivered into destination shore tanks on the M/T TEAM ANIARA ("Vessel"), during 4 – 8 December 2006.

**Price:** "On Delivered basis to Antwerp, Belgium at $502.36/MT or approximately $17,928,695.90, the final invoice amount to be determined on shore tank receipt figures.

**Payments:** Payments shall be in US Dollars, against a Standby Letter of Credit to PDVSA Petroleo S.A., within three (3) banking days after the latter of (i) confirmation of compliance with contractual specifications; (ii) discharge of the Commodity; and (iii) confirmation of the quantity in receiving shore tank of Commodity at discharge port, as follows:

A.  Issued to:
    PDVSA PETROLEO S.A.
    JP MORGAN CHASE NEW YORK N.Y.
    270 Park Av. New York 10172
    Account No.: 0011992765
    Router 022000021 Swift: CHASUS33

    Amount: Approximately $14,430,000.00



B.  Issued to:
    ADVANCED ENGINEERING DEVELOPMENT LTD.
    CREDIT SUISSE FIRST BOSTON
    17 RUE DE LAUSANNE
    CH- 1211 GENEVA 70
    FAX + 4122 3932334
    SWIFT: CRESCHZZ12A
    Account Number: 0251-255055-52 USD

    Amount: $1,309,000.00

C.  Issued to:
    TEAM TANKERS AS
    NORDEA BANK FINLAND, PLC, NEW YORK
    ABA: 026010786 SWIFT: NDEAUS3N

    Amount: $2,191,000.00


**SELLER:**

**ADVANCED ENGINEERING DEVELOPMENT LTD.**

By: _____
    Irini Nicoletos, Director

Date of Execution: November ___, 2006


**BUYER:**

**MUSKET CORPORATION**

By: _____
Name: _____
Title: _____

Date of Execution: November ___, 2006