UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                Defendants.

JUDGE MARRERO

06 CV 15522

Civil Action No.

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER OF ATTACHMENT

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff
195 Broadway
New York, New York 10007
(212) 513-3200

Plaintiff Musket Corporation ("Musket"), by its attorneys, Holland & Knight LLP, submits this Memorandum of Law in support of its motion for an order of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Article 62 of New York's Civil Practice Law and Rules.

As set forth in the accompanying Affidavit of Ravi Ramdas sworn to on December 28, 2006 ("Ramdas Affidavit"), plaintiff contracted with defendant Advanced Engineering Development Ltd. ("Advanced Engineering") to purchase oil from defendant PDVSA Petroleo, S.A. a/k/a. PDVSA Petroleo y Gas, S.A. ("PDVSA"), a state-owned corporation which, upon information and belief, is organized under the laws of Venezuela and is domiciled in Caracas. The contract required Musket to post a Standby Letter of Credit ("LOC") with JPMorgan Chase Bank N.A. in PDVSA's favor to cover the purchase price. However, PDVSA was not to draw down the LOC if Musket made payment in full. Ramdas Aff. ¶ 3. PDVSA was a third-party beneficiary of the contract.

Although Musket has paid in full for the delivery of oil, it has now been informed that PDVSA has presented a draw-down request to the bank under the LOC in excess of $1.5 million. Such a draw-down constitutes a breach of the underlying purchase agreement, because it amounts to a double payment of a portion of the purchase price.

Given the foregoing, plaintiff is forced to move for an *ex parte* order of attachment.

### ARGUMENT

Plaintiff does not seek an injunction to prevent the bank from honoring the presentment request. Rather, plaintiff seeks an order of attachment to prevent disbursement of the credit proceeds, which plaintiff believes are still in the possession of the issuing bank.

Rule 64, Fed. R. Civ. Pro., provides, in relevant part, as follows:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought.

Therefore, Article 62 of New York's Civil Practice Law and Rules ("CPLR") governs this motion.

### 1. Plaintiff Has Satisfied The Requirements For An Order of Attachment

Pursuant to the CPLR, in support of a motion for an order of attachment, the plaintiff must demonstrate:

a. that there is a cause of action;

b. that it is probable that the plaintiff will succeed on the merits;

c. that one or more grounds for attachment provided for in section 6201 exist; and

d. that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

CPLR § 6212(a). Each of these elements is satisfied prima facie by the instant application.

With respect to points (a) and (d), as set forth in the Ramdas Affidavit, a cause of action exists, and there are no known counterclaims.

With respect to point (c), one or more grounds for attachment provided for in section 6201 exist. PDVSA is a foreign corporation that maintains its principal place of business in Caracas, Venezuela. This satisfies the requirements of CPLR 6201 subd. 1.

With respect to point (b), there is an overwhelming probability of success on the merits. In this regard, PDVSA's conduct has clearly breached the terms of the contract. As noted, the contract required Musket to post a LOC to cover the purchase price. However, PDVSA was not

to draw down the LOC if Musket made payment in full. Ramdas Aff. ¶ 3. Athough Musket has paid in full for the oil, PDVSA has drawn down the LOC. This is in clear contravention of the contract and constitutes a double payment of a portion of the purchase price.

2.      **The Funds To Be Distributed By The Bank Are Subject To Attachment.**

CPLR 6202 provides, in relevant part, that "[a]ny debt or property against which a money judgment may be enforced as provided in section 5201[1] is subject to attachment."

The supporting papers show that the issuing bank (JPMorgan Chase) has accepted presentation of a draw-down request under the letter of credit, but has not yet disbursed the funds to the beneficiary (defendant PDVSA). Accordingly, the funds are now the property of the defendant and are subject to levy. *See* R. Haig, Business and Commercial Litigation in Federal Courts § 71.50 (Thomson West 2005) (noting that, while no basis for an attachment of a beneficiary's interest in an letter of credit exists prior to presentment, there is a basis for attachment once the presentment is accepted, so long as the proceeds have not been disbursed by the issuing bank) (*citing Union Planters Nat. Bank v. World Energy Sys. Assocs.*, 816 F.2d 1092, 1097-98 (6th Cir. 1987)).

---

[1] Pursuant to CPLR Section 5201(b), "[a] money judgment may be enforced against any property which could be assigned or transferred...."

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Court enter an *ex parte* order of attachment in the terms set forth in the proposed order submitted herewith. Plaintiff will thereafter move for confirmation of the order pursuant to the requirements of the CPLR.

Dated: New York, New York
       December 28, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff

By: _____
   John J. Reilly (JR 9031)
   David D. Howe (DH 6201)
195 Broadway
New York, New York 10007
(212) 513-3200

# 4270978_v1