UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

        Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

        Defendants.

Civil Action No.
06 CV 15522 (VM)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO CONFIRM ORDER OF ATTACHMENT**

HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

Attorneys for Plaintiff

## TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................ 1

Statement of Facts ..................................................................................................... 2

ARGUMENT .............................................................................................................. 4

THE ORDER OF ATTACHMENT SHOULD BE CONFIRMED ........................................ 4

    (1)  Plaintiff has a cause of action ................................................................... 5

    (2)  One or more grounds for attachment provided in section 6201 exist ........ 5

    (3)  The amount demanded from the defendant exceeds all known counterclaims ...... 5

    (4)  It is probable that the plaintiff will succeed on the merits ....................... 5

    (5)  There is an unmistakable need to continue the levy ................................. 7

CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

Page

Cases

*Algonquin Power Corp. v. Trafalgar Power Corp.*,
    No. 00 CV 1246 (NPM), 2000 WL 33963085 (N.D.N.Y. Nov. 8, 2000) .................. 5, 7

*Alpha Petroleum Trading Co. v. Richards*,
    No. 85 CIV 8553 (CHS), 1986 WL 3515 (S.D.N.Y. Mar. 16, 1986) .......................... 7

*Bank Leumi Trust Co. v. Istim*,
    892 F. Supp. 478 (S.D.N.Y. 1995) ................................................................................ 6

*Bard-Parker Co. v. Dictograph Prods. Co.*,
    258 A.D. 638, 17 N.Y.S.2d 588 (1st Dep't 1940) ....................................................... 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006) .......................................................................................... 6

*Chase Manhattan Bank v. Banque Intra, S.A.*,
    274 F. Supp. 496 (S.D.N.Y. 1967) ................................................................................ 6

*Correspondent Serv. Corp. v. J.V.W. Inv. Ltd.*,
    No. 99 CIV 8934 (RWS), 2000 WL 1718785 (S.D.N.Y. Nov. 14, 2000) ............. 4, 6, 7

*Dic Animation City, Inc. v. The McNaught Syndicate*,
    No. 92 CIV 4859 (CSH), 1993 WL 535064 (S.D.N.Y. Dec. 21, 2003) ....................... 7

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir.2000) ........................................................................................... 6

*Marks v. New York Univ.*,
    61 F. Supp. 2d 81 (S.D.N.Y. 1999) ............................................................................... 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Baninvensa Capital Mkts., Ltd.*,
    94 CIV 2778, 1995 WL 380129 (S.D.N.Y. June 26, 1995) ......................................... 6

*Wharton v. Duke Realty, LLP*,
    2006 WL 3821079 (S.D.N.Y. December 22, 2006) ..................................................... 6

Statutes and Rules

Rule 64, Fed. R. Civ. P. ..................................................................................................... 1

N.Y. CPLR § 6201(1) ................................................................................................. 4, 5

N.Y. CPLR § 6211(b) ................................................................................................. 1, 4

N.Y. CPLR § 6212(a) ..................................................................................................... 4

N.Y. CPLR § 6223(b) ..................................................................................................... 4

Plaintiff Musket Corporation ("plaintiff" or "Musket") submits this Memorandum of Law in support of its motion to confirm this Court's Order of Attachment entered on December 28, 2006, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Section 6211(b) of New York's Civil Practice Law and Rules ("CPLR").

## Preliminary Statement

This is an action for breach of contract or quasi-contract. Plaintiff purchased a cargo of diesel oil pursuant to a contract with defendant Advanced Engineering Development Ltd. ("Advanced"). Advanced acted on behalf of defendant PDVSA Petroleo, S.A. (a/k/a PDVSA Petroleo y Gas, S.A.) ("PDVSA"), the producer of the oil, which is a third-party beneficiary of the contract. PDVSA is a Venezuelan corporation not licensed to do business in New York State, although it does maintain a bank account in New York.

After plaintiff paid for the cargo in full (a total of $17,933,192.57), PDVSA -- claiming entitlement to additional funds -- drew down over $1.5 million on a standby letter of credit established by plaintiff to secure PDVSA's entitlement to payment. The letter of credit was not intended to create a slush fund available at PDVSA's whim, and PDVSA's draw-down was wrongful. In order to prevent PDVSA from diverting these funds to Venezuela, Musket applied for and obtained an *ex parte* attachment order on December 28, 2006. The subject funds were levied upon at JPMorgan Chase Bank N.A., the issuer of the letter of credit, before they had been disbursed to PDVSA.

Plaintiff now seeks confirmation of the attachment order. As shown in this memorandum, the statutory criteria for confirmation are met, and the fund attached should remain subject to levy until this action is fully adjudicated.

**Statement of Facts**

The relevant facts are found in the Complaint, and the exhibits annexed thereto; the Affidavit of Ravi Ramdas sworn to on December 28, 2006 ("Ramdas Aff."); the Affidavit of Ravi Ramdas sworn to on January 15, 2007, and its exhibits ("Ramdas Aff. 2"); the Declaration of John J. Reilly, Esq., dated December 28, 2006; and the Declaration of John J. Reilly, Esq., dated January 16, 2007, and its exhibits ("Reilly Decl. 2").

Plaintiff Musket is an Oklahoma corporation. Complaint, ¶ 1. Upon information and belief, defendant PDVSA is a Venezuelan corporation which is domiciled in Venezuela (*id.* ¶ 2), and it is not authorized to do business in New York. Reilly Decl. 2, ¶ 6. Upon information and belief, defendant Advanced is apparently a Spanish corporation which is domiciled in Spain. It is not authorized to do business in New York. Id.

On or about November 14, 2006, Musket contracted with Advanced to purchase 35,708 metric tons of diesel oil upon delivery. *See* Complaint, Exh. 1 ("Sales & Purchase Agreement") (hereinafter "Contract"). The agreed price was (i) the average market price for the dates Nov. 13-15, 2006, which was $68.1552 per US barrel (equal to $1.6227 per US gallon, or $502.486 per metric ton), times (ii) the actual quantity of the shipment, as determined at the destination port, which was 263,123 US barrels when discharged on December 10, 2006 (equal to 35,688.94 metric tons). Ramdas Aff. 2, ¶ 3. This yields a purchase price of $17,933,192.57. *Id.*

Plaintiff was required to pay PDVSA by wire transfer to a bank account in New York. Contract, p. 2 ("Payments"). The contract also required Musket to establish a "standby" letter of credit, to secure its payment obligation to PDVSA. *Id.* Musket did so through JPMorgan Chase Bank N.A. *See* Complaint, Exh. 2 (letter of credit dated November 14, 2006).

2

The cargo was purchased on an "as-delivered basis" (*i.e.*, the seller was responsible for the cost of shipping the cargo to the destination). Ramdas Aff. 2, ¶ 5, citing Contract, p. 1. However, while the cargo was in transit, Advanced advised Musket that Musket would be required to advance the funds needed to pay the carrier (Team Tankers). Musket agreed to do so as an accommodation to Advanced. This payment was to be credited to the purchase price. *Id.*

This change is reflected in the amendment to the Contract (Complaint Exh. 3). As amended, the agreement called for Musket to pay $2,191,000 to Team Tankers; $1,309,000 to Advanced Engineering; and the remainder, approximately $14,430,000, to PDVSA.

The cargo was delivered on December 10, 2006. Ramdas Aff. 2, ¶ 3.

Plaintiff has paid in full the amount due under the contract (*i.e.*, $17,933,192.57). Ramdas Aff. 2 ¶ 4. Copies of the wire transfer records evidencing plaintiff's payment of this amount are submitted with this motion. Ramdas Aff. 2, ¶ 4 and Exhs. 1-3.

Although Musket paid in full for the cargo, PDVSA nevertheless initiated a draw-down of over $1.5 million on the letter of credit funded by Musket. Musket succeeded in attaching the proceeds of this draw at JPMorgan Chase, before the funds had been disbursed to PDVSA.

Counsel for PDVSA have referred to an invoice issued by PDVSA to a company called Intrakam in the amount of $15,992,694.88 for the subject cargo. See Ramdas Aff. 2, ¶ 15 and Exh. 6. The difference between this amount, and the amount previously wired by Musket to PDVSA, is (more or less) the amount of PDVSA's draw-down, now attached.

Musket understood Intrakam to be an agent of PDVSA. Ramdas Aff. 2, ¶ 7. Indeed, the letter of credit may have been amended, at PDVSA's specific request, to state that Musket was paying PDVSA "on behalf of Intrakam." Ramdas Aff. 2, ¶¶ 7, 12 and Exh. 5. However, this amendment, if it was made, does not change the underlying transaction in any respect. There is

3

no contract between Musket and Intrakam. Nor does PDVSA's invoice to Intrakam have anything to do with Musket. Musket is not privy to the contractual or other arrangements by and among PDVSA, Intrakam and/or Advanced. It may be that Intrakam and/or Advanced is indebted to PDVSA. However, that is not Musket's concern. Musket, as agreed, has paid in full for the cargo of oil. PDVSA is not entitled to "grab" another $1.5 million from Musket.

## ARGUMENT

## THE ORDER OF ATTACHMENT SHOULD BE CONFIRMED

Rule 64 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought.

The relevant state law is CPLR Article 62. CPLR Section 6211(b) requires the party obtaining an *ex parte* order of attachment to move to confirm such order within a stated period of time.

The statutory requirements for the motion to confirm are somewhat redundant, but are nonetheless clear. Pursuant to CPLR 6212(a), "[o]n a motion for an order to confirm an order of attachment, the plaintiff shall show . . . that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." Pursuant to CPLR 6211(b), upon the motion to confirm an *ex parte* attachment order, "the provisions of subdivision (b) of section 6223 shall apply" -- *i.e.*, "the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits." *See generally Correspondent Serv. Corp.*

4

*v. J.V.W. Inv. Ltd.*, No. 99 CIV 8934 (RWS), 2000 WL 1718785, at * 4 (S.D.N.Y. Nov. 14, 2000).

Each of these requirements is met in this case.

**(1) Plaintiff has a cause of action.**

Musket clearly has alleged causes of action for breach of contract and quasi-contract. The strength of its case on the merits is addressed at point (4) below.

**(2) One or more grounds for attachment provided in section 6201 exist.**

Attachment is warranted pursuant to CPLR § 6201(1), which authorizes attachment where "the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state." PDVSA is a foreign corporation that maintains its principal place of business in Caracas, Venezuela. It is not authorized to do business in New York. Reilly Decl. 2 ¶ 6.

**(3) The amount demanded from the defendant exceeds all known counterclaims.**

There are no known counterclaims. Ramdas Aff. ¶ 7.

**(4) It is probable that the plaintiff will succeed on the merits.**

In this case, there is an overwhelming probability of success on the merits. Musket has fully performed its obligations under the contract, by paying in full for the cargo of oil it purchased. Musket has no obligation to make any further payments. PDVSA, by drawing down an additional $1.5 million against the letter of credit, has acted in utter contravention of the contract.

"To show probability of success on the merits for purposes of an attachment order application, the moving party must demonstrate that it is more likely than not that it will succeed on its claims." *Algonquin Power Corp. v. Trafalgar Power Corp.,* No. 00 CV 1246 (NPM),

5

2000 WL 33963085, at * 7 (N.D.N.Y. Nov. 8, 2000) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Baninvensa Capital Mkts., Ltd.,* 94 CIV 2778, 1995 WL 380129, at *1 (S.D.N.Y. June 26, 1995)). "In deciding whether there is a probability of success on the merits, inferences should be drawn in favor of the party seeking the attachment." *Correspondent Serv.,* 2000 WL 1718785, at * 4 (citing *Bank Leumi Trust Co. v. Istim,* 892 F. Supp. 478, 482 (S.D.N.Y. 1995)). The court should not attempt to decide the merits of the controversy unless the complaint and affidavits clearly indicate that the plaintiff ultimately must fail. *See Chase Manhattan Bank v. Banque Intra, S.A.,* 274 F. Supp. 496, 499 (S.D.N.Y. 1967) (citing *Bard-Parker Co. v. Dictograph Prods. Co.,* 258 A.D. 638, 640, 17 N.Y.S.2d 588, 591 (1st Dep't 1940)).

Musket asserts claims against PDVSA and Advanced for breach of contract and for unjust enrichment (quasi contract). Musket is likely to succeed on the merits with respect to both claims.

"The elements of a breach of contract claim in New York are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) non-performance by the other party; and (4) damages attributable to the breach." *Wharton v. Duke Realty, LLP*, 2006 WL 3821079, at *8 (S.D.N.Y. December 22, 2006) (*citing Marks v. New York Univ.,* 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999)).

Alternatively, "[t]o prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.,* 448 F.3d 573, 586 (2d Cir. 2006) (citing *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir.2000)).

Viewed under either legal theory, Musket has established "that it is more likely than not that it will succeed on its claims" (*Algonquin Power Corp., supra*). Musket agreed in writing with Advanced to purchase a cargo of oil for a price to be computed by a stated formula. Complaint, Exhs. 1 and 3. PDVSA was a third-party beneficiary of the contract. PDVSA was aware of the contract, and was aware that Advanced had acted as its agent in making the contract with Musket. Ramdas Aff. 2, ¶¶ 12-13 and Exh. 7. Musket agreed to pay by wire transfer, and to establish a <u>standby</u> letter of credit to secure that payment obligation. Musket paid in full for the cargo at the stated price. It cannot be required to pay an additional $1.5 million. PDVSA's use of the letter of credit as a form of self-help, to draw down an extra sum above and beyond the price agreed to paid by Musket, is either a breach of express contract, or of an implied term of that contract, or at a minimum is inequitable conduct requiring restitution of benefits wrongfully obtained.

**(5)** <u>**There is an unmistakable need to continue the levy.**</u>

PDVSA is a foreign corporation not authorized to do business in New York. There is no assurance that Musket can satisfy any judgment it may obtain unless the attachment is continued. Without the levy, Musket would be forced on a quixotic quest to satisfy any judgment it obtains in Venezuela. *See Correspondent Serv.,* 2000 WL 1718785, at * 4 (movant demonstrated need to continue levy "to avert the chance that the funds will be transferred out of the jurisdiction…"); *Alpha Petroleum Trading Co. v. Richards,* No. 85 CIV 8553 (CHS), 1986 WL 3515, at *1 (S.D.N.Y. Mar. 16, 1986) (need to continue levy "to provide adequate security for any judgment plaintiff may ultimately obtain" against defendant, a citizen of the United Kingdom who resided in New Jersey); *Dic Animation City, Inc. v. The McNaught Syndicate,* No. 92 CIV 4859 (CSH), 1993 WL 535064, at * 3 (S.D.N.Y. Dec. 21, 2003) (grounds for continuing the attachment

existed where "there is no evidence in the record that [defendant] Gallagher [a non-domiciliary] has property in New York available to satisfy a judgment...").

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Court confirm the attachment order until the final adjudication of this matter.

Dated: New York, New York
       January 16, 2007

                                                Respectfully submitted,

                                                HOLLAND & KNIGHT LLP
                                                Attorneys for Plaintiff

                                                By: _____
                                                    John J. Reilly (JR 9031)
                                                    David D. Howe (DH 6201)
                                                195 Broadway
                                                New York, New York 10007
                                                (212) 513-3200

# 4294790_v4