UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                              Plaintiff,

        - against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                              Defendants.

Civil Action No.
06 CV 15522 (VM)

**DECLARATION IN SUPPORT
OF MOTION TO CONFIRM
ORDER OF ATTACHMENT**

JOHN J. REILLY hereby declares the following to be true under penalty of perjury:

1.      I am a member of the bar of this Court and am a member of the firm of Holland &
Knight LLP, attorneys for plaintiff Musket Corporation.  I make this declaration in support of
plaintiff's motion to confirm the Order of Attachment entered by this Court on December 28,
2006.  I am fully familiar with the facts and circumstances stated below.

2.      The facts supporting the motion are set forth in (a) the Complaint (copy annexed
hereto as Exhibit 1); (b) the Affidavit of Ravi Ramdas sworn to on December 28, 2006, and
previously submitted in support of plaintiff's original application for the attachment order (copy
annexed hereto as Exhibit 2); and (c) the Affidavit of Ravi Ramdas sworn to on January 15,
2007, which is being filed herewith.

3.      A copy of the December 28, 2006 Order of Attachment is annexed hereto as
Exhibit 3.  A copy of the January 5, 2007 endorsed order extending the Order of Attachment for
sixty days is annexed hereto as Exhibit 4.

4.      A copy of the bond for $2,000,000 filed by plaintiff, in compliance with the
December 28 Order, is annexed hereto as Exhibit 5.

5.     A copy of the garnishee's statement required by CPLR § 6219 is annexed hereto as Exhibit 6.  That statement indicates that the amount subject to the levy is $1,561,061.50.

6.     I have examined the web site maintained by the New York State Department of State, Division of Corporations, known as the "Corporation and Business Entity Database," at http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_entry.  According to such database, neither of the defendants is authorized to do business in New York State.

7.     There has been no appearance of counsel on behalf of defendant Advanced Engineering Development Ltd.  Upon information and belief, this is an entity located in Spain. Its last known mailing address, and its e-mail address, are set forth on the Notice of Motion.  We have kept that defendant apprised by e-mail of developments in the case, and it has sent at least one response to our client indicating that it is aware of the proceedings and is on notice of the Order of Attachment.  We will serve this motion upon that party by mail and by e-mail.

WHEREFORE, plaintiff respectfully requests that the Court issue an order confirming the December 28, 2006 Order of Attachment.

Dated:  New York, New York
        January 16, 2007

John J. Reilly (JR 9031)

# 4286607_v1

**EXHIBIT 1**

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ **DISTRICT OF** ___ NEW YORK

MUSKET CORPORATION
            Plaintiff

        V.

PDVSA PETRULEO, S.A.,
a/k/a PDVSA PETROLEO Y GAS, S.A.
and ADVANCED ENGINEERING DEVELOPMENT LTD.,
           Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

**06 CV 15522**

**JUDGE MARRERO**

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

DEC 2 8 2006

CLERK

(BY) DEPUTY CLERK

This form was electronically produced by Elite Federal Forms, Inc.

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
            Date               Signature of Server

_____
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

CIVIL COVER SHEET                O6CV 15522

JS 44C/SDNY
REV. 1/97
WEB 4/99

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Musket Corporation | PDVSA Petroleo, S.A. and Advanced Engineerir Development Ltd. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Holland & Knight LLP 195 Broadway New York, NY 10007 tel: (212) 513-3200 | Unkown |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This is a breach of contract action.

Has this or a similar case been previously filed in SDNY at any time? No? [X]  Yes? ☐   Judge Previously Assigned _____

If yes, was this case Vol. ☐  Invol. ☐  Dismissed. No ☐  Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[X] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)*                    **ORIGIN**

[X] 1 Original Proceeding    [ ] 2 Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation    [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

*(PLACE AN x IN ONE BOX ONLY)*     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [X] 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [X] 5 | [X] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

```
Musket Corporation
P.O. Box 26210
Oklahoma City, OK 73126
```

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

```
PDVSA Petroleo, S.A.          Advanced Engineering Ltd.
Caracus, Venezuala           Malaja, Spain
```

DEFENDANT(S) ADDRESS UNKNOWN

    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

---

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT

RECEIPT #                          [ ] NO
[X] YES (DATE ADMITTED Mo. Oct. Yr. 1971 )
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUSKET CORPORATION,

Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

Defendants.

---

*06CV 15522*

*J. MARRERO*

Civil Action No.

**COMPLAINT**

*FILED : 12/28/2006*

---

Plaintiff, by and through its attorneys, Holland & Knight LLP, as and for its Complaint,
alleges:

1.      Plaintiff, Musket Corporation ("plaintiff" or "Musket"), is a Oklahoma

corporation having its principal place of business at 10601 N. Pennsylvania Avenue, Oklahoma

City, Oklahoma.

2.      Defendant PDVSA Petroleo, S.A., also known as PDVSA Petroleo y Gas, S.A.

("PDVSA"), is, upon information and belief, a state-owned Venezuelan corporation having its

principal place of business in Caracas, Venezuela.

3.      Defendant Advanced Engineering Development Ltd. ("Advanced Engineering")

is, upon information and belief, a Spanish corporation having its principal place of business in

Malaga, Spain.

4.      This is a civil action where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between the citizen of a State and citizens or

subjects of foreign states.

5.　　In November, 2006, plaintiff, as purchaser, and Advanced Engineering, as seller, entered into a Sales & Purchase Agreement for 35,708 metric tons of D2 Diesel Oil, to be shipped from Venezuela by the vessel "Team Aniara" (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit 1.

6.　　The Agreement provides for payment to be made by Musket to PDVSA in part, and to Advanced Engineering in part.

7.　　PDVSA is a third-party beneficiary of the Agreement.

8.　　To secure the rights of PDVSA as third-party beneficiary, the Agreement provides that Musket shall establish a Standby Letter of Credit to PDVSA.

9.　　The Agreement also provides that, in the event of legal proceedings thereunder, the prevailing party shall be entitled to an award of attorneys' fees and costs.

10.　　Thereafter, Musket, as applicant, established Standby Letter of Credit No. CTCS-651908 with JPMorgan Chase Bank, N.A. in favor of PDVSA (the "Standby LOC"). A copy of the Standby LOC is annexed hereto as Exhibit 2.

11.　　Thereafter, the Agreement was amended in writing. A copy of the "Contract Amendment to Contract" (the "Contract Amendment") is annexed hereto as Exhibit 3. The Contract Amendment, among other things, sets forth the approximate total purchase price of $17,928.695.90, to be adjusted on the basis of shore tank receipt figures, and provides that the purchase price shall be paid and allocated as follows: approximately $14,430,000.00 to PDVSA; approximately $1,309,000.00 to Advanced Engineering; and approximately $2,191,000.00 to Team Tankers AS.

12.　　On or about December 10, 2006, the cargo was delivered and discharged at Antwerp, Belgium.

13.     Based on the delivery volume recorded on the shore tank receipts, the total purchase price was $17,933,192.57.

14.     Musket has paid the above-mentioned purchase price in full, by means of wire transfers, as follows:  $1,309,000.00 paid to Advanced Engineering on or about December 5, 2006; $2,191,000.00 paid to Team Tankers on or about December 4, 2006; and $14,433,192.57 paid to PDVSA on or about December 19, 2006.

15.     Upon information and belief, notwithstanding plaintiff's payment in full, PDVSA has drawn down the Standby LOC in an amount in excess of $1,500,000.00.

16.     Such a draw-down constitutes a breach of the Agreement and unjust enrichment.

17.     In the alternative, should it be determined that PDVSA is entitled to the funds drawn down, then plaintiff is entitled to judgment against Advanced Engineering in such amount, for breach of contract and unjust enrichment.

**WHEREFORE**, plaintiff demands judgment in an amount to be determined at trial, but believed to be in excess of $1,500,000.00, against the defendants, together with its attorney's fees, interest and costs, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 28, 2006

                                HOLLAND & KNIGHT LLP
                                Attorneys for Plaintiff

                                By: _____
                                        John J. Reilly (JR 9031)
                                        David D. Howe (DH 6201)
                                195 Broadway
                                New York, New York 10007
                                (212) 513-3200

Exhibit 1

# SALES & PURCHASE AGREEMENT

## BETWEEN

**Advanced Engineering Development Ltd.**
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as the "Seller")

## AND

**Musket Corporation**
10601 N Pennsylvania Ave., Oklahoma City, OK 73120
(Hereinafter Referred to as the "Buyer")

## RECITALS

**WHEREAS**, Seller, with full corporate authority and responsibility, agrees to sell and deliver the herein specified quantity and quality of 35'708 metric ton ("MT") D2 Diesel Oil (the "Commodity") to Buyer and Buyer agrees to purchase said Commodity from Seller in the amount and in the quantity herein stipulated.

**NOW, THEREFORE**, the parties hereto agree to enter into this Sale & Purchase Agreement (the "Agreement") upon consideration of the mutual covenants hereof and promise to abide by the terms and conditions of this Agreement to sell and purchases the Commodity.

**Commodity Specifications:** As per attached Schedule A.

**Quantity:** 35'708 MT.

**Destination/Delivery:** Delivered into destination shore tanks on the M/T TEAM ANTARA.

**Origin:** Venezuela.

**Price:** On Delivered basis to the U.S. Gulf Coast and or European port option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon. All other destinations to be adjusted according to the charter party.



{00105863.DOC;4}

1

**Documents:** The documents that will be handed over by Seller to Buyer for confirmation that the Commodity has been discharged are as follows:

(i)     One (1) original and three (3) copies of the Commercial Invoice, based on the loaded quantity and quality by SGS report, showing name of vessel, date of completion, discharge quantity and state of delivery;

(ii)    Three (3) original and non-negotiable copies of Bill of Lading ("B/L"), with the B/L to be signed by the owner and master of vessel issued or endorsed to the order or to the Buyer showing destination;

(iii)   One (1) original and three (3) copies of the Certificate of Quantity issued at the discharge port;

(iv)    One (1) original and three (3) copies of the Certificate of Quality issued at the discharge port;

(v)     One (1) original and three (3) copies of the Certificate of Origin by the oil company;

(vi)    One (1) original and three (3) copies of the Master's Receipt of samples;

(vii)   One (1) original of the Ullage report issued at loading terminal; and

(viii)  One (1) original and three (3) copies of the Cleanliness Report at loading port.

**Payments:** All payments shall be in US Dollars, against a Standby Letter of Credit to PDVSA Petroleo S.A., within three (3) banking days after the latter of (i) confirmation of compliance with contractual specifications; (ii) discharge of the Commodity; and (iii) confirmation of the quantity received and quality of Commodity at discharge port, as follows:

A.      Issued to:

     PDVSA PETROLEO S.A.

     JP MORGAN CHASE NEW YORK N.Y.

     270 Park Av. New York 10172

     Account No.: 0011992765

     Router 022000021 Swift: CHASUS33

     Amount: On Delivered basis to the U.S. Gulf Coast and or European option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon, LESS US$60.00 per MT.

B.      Letter of Credit payable at sight of documents 25 days from BL date. Confirmed by Credit Suisse, Issued to:

     ADVANCED ENGINEERING DEVELOPMENT LTD.

     CREDIT SUISSE FIRST BOSTON

     17 RUE DE LAUSANNE

     CH- 1211 GENEVA 70

     FAX + 4122 3932334

     SWIFT: CRESCHZZ12A

     Account Number: 0251-255055-52 USD



{00105863.DOC;4}

Amount: US$▓▓.00 per MT.

**Claims:** Any claim that either party may have for loss or damages hereunder, due to an occurrence or event, shall be submitted in writing to the other party within a period of two (2) months from the date of that occurrence or event.

In the event that the quality of any one of the delivered batches fails to comply with the contractual specifications, then Buyer shall have the option to accept the said batch at a mutually acceptable lower price, which is agreed upon in writing prior to the commencement of the discharge operations, or to reject the same.

If within thirty (30) calendar days from the date of discharge of a vessel, Buyer fails to inform Seller of the non-compliance of a Commodity with the contractual specifications, the Commodity will be deemed to have been accepted by Buyer, and Seller will accept no non-compliance claim thereafter.

All claims will be made in writing and both parties agree to acknowledge such claims by written acceptance thereof (upon request therefore).

**Laytime:** Buyer warrants that Seller's nominated vessel(s) will be allowed to discharge their cargo within thirty-six (36) free running hours, Sundays and legal holidays included ("SHINC"), plus six (6) hours after docking at the discharge dock, maintaining at the ship's manifolds an average discharge pressure of not more than ten (10) kilograms per square centimeter (kg/cm2).

NOR shall be given on departure from the loading port, on 96/72/48/24/12 hrs., and on such vessel's arrival at Buyer's designated discharge port, by the ship's master to Buyer and/or its agent, by radio, cable or by hand, at any time, SHINC.

Laytime shall commence upon the vessel being all-fast in berth.

**Berthing Order:** Vessels arriving and issuing a valid NOR within the date rage approved by Musket (the "approved laydays") will be berthed at the terminal dock in the order of their tendering of valid NOR and will have priority over early or late vessels. A vessel arriving after its approved laydays will be allocated available time slots on the dock schedule.

**Demurrage:** Demurrage at discharge port (if any) (i) if not caused by Buyer's nominated discharge terminal, will be paid by Seller to Buyer; and (ii) if caused by Buyer's nominated discharge terminal, will be paid by Buyer to Seller. Demurrages amount shall be computed at the charter party rate. For this purpose, Seller shall provide the Buyer with a copy of the original charter party. Demurrages will be based on daily rate or pro-rata thereof.

**Duties and Taxes:** Buyer shall be responsible for all duties and taxes levied on cargo by the authorities of the country of discharge. Title shall pass from Seller to Buyer when the complete discharge of cargo is made to Buyer.

3

{00105863.DOC;4}

**Applicable Law:**  This Agreement and the legal relations between the parties shall be governed by the laws of the State of New York without giving effect to any conflict of law provision (whether of the State of New York or any other jurisdiction) that would cause the application of the law of any other jurisdiction. The parties agree to make good faith efforts to resolve any dispute arising under or in relation to this Agreement in an amicable manner. All legal proceedings arising under or in relation to this Agreement are to be conducted in English.  In any action to enforce or defend this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs associated therewith.

**Force Majeure:**  Neither party to this agreement shall be responsible for a breach of contract cause by events beyond its reasonable control, including without limitation, acts of God, insurrection, breakdown of refinery operations or supplies to the Seller (upon which Seller necessarily relies in its performance hereunder), civil war, military operations, and national or local emergencies; provided such party acts in good faith and with due diligence to cure such non-performance at the earliest possible date.

**Non Circumvention / Non Disclosure:**  The undersigned parties do hereby accept and agree to fulfil obligations due to agents and facilitators; provided that all fees or commissions owed thereto in connection herewith shall be paid by Seller.  In the event of direct, or even indirect circumvention through a third party, the circumvented party shall be entitled to legal monetary award equal to the maximum service fees it should have realized from the transaction. Seller agrees to indemnify, defend and hold Buyer harmless from and against any and all liabilities and claims for agent and/or facilitator fees in regard to this Agreement.

**Language and Signing:**  The terms and conditions of this Agreement shall inure to the benefit of and be binding on all parties hereto and their respective successors and assigns. The parties confirm that each has read and understood the terms and conditions hereof as written. If any term and condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of the Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Both parties having understood all the terms and conditions of this Agreement hereby agree to honour all clauses with all privileges, rights and immunities pertaining herein, making this Agreement effective on the date of signing by all parties.  If executed in multiple copies by the parties hereto, all such copies taken together shall constitute a binding instrument.

**Declaration:**  The undersigned declare that the foregoing instrument fully sets forth the entire agreement between the parties and that the signatories below have been fully and duly authorised to enter into and bind its respective company to the terms of this Agreement.

{00105863.DOC;4}

4

IN WITNESS WHEREOF, the parties have executed this Agreement under the hand of their duly authorised officers as witnessed below, as of the date of last execution hereof.

SELLER:

ADVANCED ENGINEERING DEVELOPMENT LTD.

By: _____
    Irini Nicoletos, Director

Date of Execution: November ____, 2006

BUYER:

MUSKET CORPORATION

By: _____
Name: _____
Title: _____

Date of Execution: November ___, 2006

5

{00105863.DOC;4}

Exhibit 2

JPMORGAN CHASE BANK    Fax:3129542458          Aug 31 2005  16:53    P.02

**JPMorganChase**

JPMorgan Chase Bank, N.A.
a/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 03810

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

IRREVOCABLE STANDBY LETTER OF CREDIT NO. CTCS-651908

BENEFICIARY:
PDVSA PETROLEO Y GAS, S.A.
DIVISION CORPORATIVA DE MANUFACTURA Y MERCADEO
EDIF. PDVSA, TORRE OESTE
AV. LIBERTADOR, LA CAMPINA
CARACAS, VENEZUELA

GENTLEMEN:

BY THE ORDER OF:

APPLICANT:
MUSKET CORPORATION
10601 N. PENNSYLVANIA (73120)
P.O. BOX 26210
OKLAHOMA CITY, OK 73126
UNITED STATES

WE HEREBY ISSUE IN FAVOR OF PDVSA PETROLEO Y GAS, S.A., OUR IRREVOCABLE
STANDBY LETTER OF CREDIT NO: CTCS-651908 FOR THE ACCOUNT OF MUSKET
CORPORATION FOR AN AMOUNT OR AMOUNTS NOT TO EXCEED IN THE AGGREGATE US
$16,400,000.00 +/- 10% (SIXTEEN MILLION FOUR HUNDRED THOUSAND AND 00/100
U.S. DOLLARS PLUS/MINUS TEN PERCENT) AVAILABLE BY YOUR DRAFTS AT SIGHT ON
JPMORGAN CHASE BANK, N.A., CHICAGO, IL EFFECTIVE NOVEMBER 14, 2006 AND
EXPIRING AT OUR OFFICE ON DECEMBER 29, 2006.

FUNDS UNDER THIS CREDIT ARE AVAILABLE AGAINST YOUR DRAFT(S) AS HEREIN
ABOVE SET FORTH MARKED "DRAWN UNDER JPMORGAN CHASE BANK, N.A. LETTER OF
CREDIT NO. CTCS-651908" AND ACCOMPANIED BY THE FOLLOWING:

BENEFICIARY'S SIGNED AND DATED STATEMENT: "WE, PDVSA PETROLEO Y GAS, S.A.,
HEREBY CERTIFY THAT MUSKET CORPORATION HAS FAILED TO PAY US ON DUE DATE
THE AMOUNT OF U.S. $16,400,000.00 PLUS +/- 10% (SIXTEEN MILLION FOUR
HUNDRED THOUSAND AND 00/100 U.S. DOLLARS PLUS AND MINUS TEN PERCENT) FOR
THE SHIPMENT OF MT35,708 OF D2 DIESEL OIL FROM PUNTA CARDON,VENEZUELA TO
HOUSTON, TEXAS, USA SHIPPED ON VESSEL M/T TEAM ANIARA." THEREFORE, WE

JPMORGAN CHASE BANK    Fax:3129542458    Aug 31 2005 16:53    P.05

**JPMorganChase** ◉

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

DEMAND PAYMENT OF SAID AMOUNT IN SAME DAY FUNDS VIA WIRE TRANSFER TO OUR
ACCOUNT PDVSA PETROLEO S.A., JPMORGAN CHASE BANK, N.A., NEW YORK 270 PARK
AVE,, NEW YORK 10172, ACCOUNT NUMBER 0011992765 ROUTER 022000021 SWIFT:
CHASUS33.

WE ENGAGE WITH THE BENEFICIARY THAT DRAFTS DRAWN UNDER AND IN CONFORMITY
WITH THE TERMS AND CONDITIONS OF THIS CREDIT WILL BE DULY HONORED ON
PRESENTATION IF PRESENTED ON OR BEFORE THE EXPIRATION AT OUR COUNTERS AT
300 SOUTH RIVERSIDE PLAZA, MAIL CODE IL1-0236, ATTN: STANDBY LETTER OF
CREDIT UNIT, CHICAGO, IL 60606-0236.  THE ORIGINAL LETTER OF CREDIT MUST
ACCOMPANY THE DOCUMENTS REQUIRED UNDER THIS CREDIT FOR ENDORSEMENT.

ALL BANKING CHARGES RELATED TO THIS LETTER OF CREDIT ARE FOR THE ACCOUNT
OF THE APPLICANT. PAYMENTS WILL BE MADE TO THE BENEFICIARY WITHOUT
DEDUCTION OF ANY BANK FEE.

IF THIS CREDIT EXPIRES DURING AN INTERRUPTION OF BUSINESS AS A RESULT OF
ONE OR MORE OF THE OCCURRENCES SPECIFIED IN ARTICLE 17 OF PUBLICATION 500,
IT SHALL BE DEEMED AUTOMATICALLY EXTENDED TO THE DAY OCCURING 30 CALENDAR
DAYS AFTER THE PLACE FOR PRESENTATION RE-OPENS FOR BUSINESS.

IN ACCORDANCE WITH UCP500 ARTICLES 4 AND 15, OUR OBLIGATION TO HONOR
DRAFTS DRAWN AND DOCUMENTS PRESENTED UNDER AND IN CONFORMITY WITH THE
TERMS AND CONDITIONS OF THIS CREDIT IS INDEPENDENT OF THE UNDERLYING
TRANSACTION AND WE ARE NOT RESPONSIBLE FOR ACCURACY OF ANY STATEMENT MADE
IN ANY DOCUMENT REQUIRED, IRRESPECTIVE OF WHETHER THE APPLICANT HAS BECOME
SUBJECT TO ANY BANKRUPTCY, REORGANIZATION OR INSOLVENCY PROCEEDING.

THIS LETTER OF CREDIT SETS FORTH IN FULL THE TERMS OF OUR UNDERTAKING, AND
SUCH UNDERTAKING SHALL NOT IN ANY WAY BE MODIFIED, AMENDED OR AMPLIFIED BY
REFERENCE TO ANY DOCUMENT, INSTRUMENT OR AGREEMENT REFERRED TO HEREIN OR
IN WHICH THIS LETTER OF CREDIT IS REFERRED TO OR TO WHICH THIS LETTER OF
CREDIT RELATES, AND ANY SUCH REFERENCE SHALL NOT BE DEEMED TO INCORPORATE
HEREIN BY REFERENCE ANY DOCUMENT, INSTRUMENT OR AGREEMENT.

THIS LETTER OF CREDIT IS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE
LAWS OF THE STATE OF NEW YORK, AND, EXCEPT AS OTHERWISE EXPRESSLY STATED
HEREIN, TO THE UNIFORM RULES FOR DOCUMENTARY CREDITS, ICC PUBLICATION NO.

J45425 Emelia Sosa                          Page 2 of 3

JPMORGAN CHASE BANK    Fax:3129542458                Aug 31 2003  16:53    P.04

**JPMorganChase**

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

500, 1993 REVISION, AND IN THE EVENT OF ANY CONFLICT, THE LAWS OF THE
STATE OF NEW YORK WILL CONTROL, WITHOUT REGARD TO PRINCIPLES OF CONFLICT
OF LAWS.

PLEASE ADDRESS ALL CORRESPONDENCE REGARDING THIS LETTER OF CREDIT TO THE
ATTENTION OF THE STANDBY LETTER OF CREDIT UNIT, 300 S. RIVERSIDE PLAZA,
MAIL CODE IL1-0236, CHICAGO, IL 60606-0236, INCLUDING THE LETTER OF CREDIT
NUMBER MENTIONED ABOVE.  FOR TELEPHONE ASSISTANCE, PLEASE CONTACT THE
STANDBY CLIENT SERVICE UNIT AT 1-800-634-1969, SELECT OPTION 1, AND HAVE
THIS LETTER OF CREDIT NUMBER AVAILABLE.

*E. Alvarez*
AUTHORIZED SIGNATURE

Exhibit 3

## CONTRACT AMENDMENT TO CONTRACT BETWEEN:

**Advanced Engineering Development Ltd.**
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as the "Seller")

**AND**

**Musket Corporation**
10601 N Pennsylvania Ave., Oklahoma City, OK 73120
(Hereinafter Referred to as the "Buyer")

Amendment to the following clauses:

**Destination/Delivery:** Delivered into destination shore tanks on the M/T TEAM ANIARA ("Vessel"), during 4 – 8 December 2006.

**Price:** "On Delivered basis to Antwerp, Belgium at $502.36/MT or approximately $17,928,695.90, the final invoice amount to be determined on shore tank receipt figures.

**Payments:** Payments shall be in US Dollars, against a Standby Letter of Credit to PDVSA Petroleo S.A., within three (3) banking days after the latter of (i) confirmation of compliance with contractual specifications; (ii) discharge of the Commodity; and (iii) confirmation of the quantity in receiving shore tank of Commodity at discharge port, as follows:

A.    Issued to:

PDVSA PETROLEO S.A.

JP MORGAN CHASE NEW YORK N.Y.

270 Park Av. New York 10172

Account No.: 0011992765

Router 022000021 Swift: CHASUS33

Amount:  Approximately $14,430,000.00



B.    <u>Issued to</u>:
      ADVANCED ENGINEERING DEVELOPMENT LTD.
      CREDIT SUISSE FIRST BOSTON
      17 RUE DE LAUSANNE
      CH- 1211 GENEVA 70
      FAX + 4122 3932334
      SWIFT: CRESCHZZ12A
      Account Number: 0251-255055-52 USD

      <u>Amount</u>:  $1,309,000.00

C.    <u>Issued to</u>:
      TEAM TANKERS AS
      NORDEA BANK FINLAND, PLC, NEW YORK
      ABA: 026010786 SWIFT: NDEAUS3N

      <u>Amount</u>:  $2,191,000.00

**SELLER:**

**ADVANCED ENGINEERING DEVELOPMENT LTD.**

By: _____
     Irini Nicoletos, Director

**Date of Execution:  November ___, 2006**

**BUYER:**

**MUSKET CORPORATION**

By:_____
Name:_____
Title:_____

**Date of Execution:  November ___, 2006**

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

Defendants.

O6CV 15522
Civil Action No. J. MARRERO

**AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ORDER OF ATTACHMENT**

STATE OF OKLAHOMA    )
                     : ss.:
COUNTY OF OKLAHOMA    )

RAVI RAMDAS, being duly sworn, deposes and says:

1.    I am employed by plaintiff, Musket Corporation ("plaintiff" or "Musket"), as Basis Trading Manager. I make this affidavit in support of plaintiff's application for an order of attachment, permitting the attachment of the proceeds of a Letter of Credit drawdown. I am fully familiar with the facts and circumstances stated below.

2.    I respectfully refer the Court to the Complaint which Musket has filed in this action, and I hereby incorporate by reference the allegations in the Complaint.

3.    As shown in the Complaint, Musket entered into an agreement with defendant Advanced Engineering to buy a cargo of oil from PDVSA, which is the state-owned Venezuelan oil producer (and the owner of Citgo). The contract required Musket to pay the lion's share of the purchase price to defendant PDVSA. As a security device, Musket was obligated to, and did, establish a Standby Letter of Credit ("LOC") with JPMorgan Chase Bank N.A. in favor of

PDVSA, to cover the purchase price. However, that letter of credit, by its terms, was not to be used in the event that payment was made by Musket.

4.      Musket has paid in full for the delivery of oil, in accordance with the terms of the agreement with Advanced Engineering. However, we understand that defendant PDVSA has presented a drawdown request on the LOC to JPMorgan Chase in an amount in excess of $1.5 million above and beyond that which Musket was obligated to pay.

5.      We understand that PDVSA has presented the required documents to the bank and that payment has not yet been made but will likely take place on the morning of Friday, December 29, 2006. Therefore, an order of attachment is urgently required, so that the funds of PDVSA will not be disbursed by the bank.

6.      We have placed the defendants on notice, in writing, of our objection to any draw-down of the LOC. Neither of the defendants has responded to our notice.

7.      There are no known counterclaims.

_____ 28 Dec '06
Ravi Ramdas

Sworn to before me this
28th day of December, 2006

_____
Notary Public

# EXHIBIT 3

*MARRERO, J*

**JUDGE MARRERO**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

**06 CV 15522**

Plaintiff,

Civil Action No.

- against -

**ORDER OF ATTACHMENT**

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., ADVANCED
ENGINEERING DEVELOPMENT LTD., and
INTRAKAM SA,

Defendants.

Victor Marrero , U.S.D.J.

Plaintiff has moved the Court for an Order of Attachment pursuant to Rule 64 of the

Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules

("CPLR"). Plaintiff has shown that it have a cause of action, that it is probable that it will

succeed on the merits, that one or more grounds for attachment exist (to wit, that the defendants

are non-domiciliaries residing without the State of New York), and that the amount demanded

from the defendants exceeds all counterclaims known to the plaintiff.

Therefore, for these reasons, as supported by the showings made in plaintiff's application

for an order of attachment, including the Affidavit of Ravi Ramdas, sworn to on December 28,

2006, and the exhibits thereto, and the Declaration of John J. Reilly dated December 28, 2006, it

is hereby ORDERED, that:

    1.      Plaintiff's motion for an order of attachment is granted.

    2.      The amount to be secured by this Order is Two Million Dollars ($2,000,000.00).

    3.      The United States Marshal for the Southern District of New York, or any person

appointed to act in his place and stead, shall levy within his jurisdiction upon such funds,

monies, property and/or interests in property of defendant PDVSA Petroleo, S.A., a/k/a PDVSA

Petroleo y Gas, S.A., as are on deposit with, or held by, JPMorgan Chase Bank, N.A., as the

proceeds of Letter of Credit No. CTCS-651908, and shall pay or deliver all such funds, monies,

property and/or interests in property to the Clerk of this Court for the purpose of satisfying any

judgment that may be obtained against the defendants in this action.

4.    Upon plaintiff's application, and for good cause shown, the Court hereby appoints

the following persons to act in the place and stead of the U.S. Marshal for the purpose of serving

this Order and effecting the levy ordered hereby:  Mr. Elvin Ramos of New York City and/or Mr.

Rudy Green of New York City, both of whom are employed by counsel for plaintiff.

5.    The statement required by CPLR § 6219 shall be served by the garnishee upon the

U.S. Marshal within five (5) days after service of this Order, and a copy served on plaintiff's

counsel.

6.    Plaintiff shall post a bond in the amount of $2,000,000. as security.
7. This Order shall be effective only until January 9, 2007, on which
SO ORDERED.    date at 3:00 p.m. the court shall hear arguments in this matter.

Victor Marrero, U.S.D.J.

Dated: New York, New York
       December 28, 2006


Attorneys for Plaintiff:
HOLLAND & KNIGHT LLP
John J. Reilly
David D. Howe
195 Broadway
New York, New York 10007
(212) 513-3200

# 4270633_v1

# EXHIBIT 4

Jan-04-07   05:12pm   From-HOLLAND AND KNIGHT                    212                    T-721   P 002/002   F-176

# Holland Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway
New York, NY 10007-3189
www.hklaw.com

David D. Howe
212 513 3351
david.howe@hklaw.com

January 4, 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/07

BY FAX

Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Musket Corp. v. PDVSA Petroleo, S.A. et ano.,
            06 CV 15522 (VM)

Your Honor:

    We represent the plaintiff in the above-captioned action. On December 28, 2006, the Court entered an order of attachment upon our application. The order provides, in part, that counsel are to appear for argument on January 4, 2007 at 3:00 p.m., and that the order shall remain in effect only through that day.

    Earlier today, we were advised by Ms. Kirby from your Chambers that, due to a change in the Court's schedule, the hearing scheduled for today at 3:00 p.m. would have to be postponed. We are now scheduled to appear before Your Honor tomorrow, January 5, at 4:30 p.m.

    Because the court appearance has been adjourned, we request that the attachment order be extended so that it will remain in effect through tomorrow, January 5, 2007. This will avoid any "gap" in the effectiveness of the order prior to the rescheduled hearing.

Respectfully submitted,

David D. Howe

Request GRANTED. The Order of Attachment
entered herein on 12-28-06 is
modified to extend the date of its
expiration to 3-2-07, subject to
further modifications as appropriate
following the Court's resolution on ... junction
SO ORDERED: for conference ... submitted.
1-5-07
DATE      VICTOR MARRERO, U.S.D.J.

# EXHIBIT 5

UNITED STATES DISTRICT COURT  SOUTHERN

IN THE CIRCUIT COURT OF  DISTRICT OF NEW YORK    ~~COUNTY~~,

STATE OF _____NEW YORK_____

MUSKET CORPORATION

RECEIVED

JAN 03 2007

JUDGMENT CLERK'S OFFICE

Civil Action No.  06 CV 15522

                    Plaintiff,

VS.

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., ADVANCED
ENGINEERING DEVELOPMENT LTD., and
INTRAKAM SA,

                    Defendant.

Case No. _____

Court No. _____

Bond No. CGB _08849014_____

ATTACHMENT BOND

KNOW ALL MEN BY THESE PRESENTS    MUSKET CORPORATION

_____p

laintiffs, as principals, and Fidelity and Deposit Company of Maryland as surety, are

indebted to    UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK    in

the sum of    TWO MILLION NO/100 DOLLARS _____($ 2,000,000.00

) for the payment whereof we bind ourselves, our heirs, executors and

administrators jointly and severally firmly by these presents.

   The conditions of this obligation is such that whereas the plaintiffs are about

to commence a suit by attachment against the defendant.

   NOW, if the plaintiffs shall prosecute this action without delay, and with

effect, refund all sums of money that may be adjudged to be refunded to the

defendant, or found to have been received by the plaintiff, and not justly due to plaintiffs and pay all damages and costs that may accrue to any defendant, garnishee or interpleader, by reason of any judgment or process thereon, and pay all damages and costs that may accrue to any Sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the plaintiff, then this obligation to be void, otherwise to remain in full force.

IN WITNESS WHEREOF, we have hereunto set our hands this ___29th___ day of _____December_____, __2006__.

Fidelity and Deposit Company of Maryland

By: _Gary M. Jarmon_
    Gary M. Jarmon        Attorney-in-Fact

MUSKET CORPORATION
                                    Principal

By: _Dag Stussi   VP-Treasurer_

## Power of Attorney
## FIDELITY AND DEPOSIT COMPANY OF MARYLAND

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by THEODORE G. MARTINEZ, Vice President, and ERIC D. BARNES, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint **Michael F. ROSS, Gary M. JARMON, John R. MACKEY, Bill ORCUTT, David DUHON, Jeffrey J. BURTON, Jeff R. JOHNSON, Jana D. DEAN and Edwin J. CUNNINGHAM, JR.,** all of **Oklahoma City, Oklahoma, EACH** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Michael F. ROSS, Gary M. JARMON, John R. MACKEY, John L. DIRSNER, Bill ORCUTT, David DUHON, Jeffrey J. BURTON, Jeff R. JOHNSON, Helen C. HARMON, dated May 23, 2002.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 3rd day of February, A.D. 2005.

ATTEST:

FIDELITY AND DEPOSIT COMPANY OF MARYLAND



*Eric D. Barnes    Assistant Secretary*     By:     *Theodore G. Martinez*

State of Maryland } ss:
City of Baltimore }

On this 3rd day of February, A.D. 2005, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came THEODORE G. MARTINEZ, Vice President, and ERIC D. BARNES, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Constance A. Dunn*

*Constance A. Dunn                Notary Public*
My Commission Expires: July 14, 2007

POA-F 076-0977

## EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

## CERTIFICATE

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company,

this ___29th___ day of ___December___, ___2006___.

*Assistant Secretary*

# Disclosure Statement


ZURICH

Commercial Business - BO

**ZURICH AGENT/BROKER COMPENSATION DISCLOSURE**

Dear Policyholder:

On behalf of Zurich, we are glad you have chosen us as your insurance company.  We look forward to meeting your insurance needs and want you to understand clearly our business relationship with the agent or broker you chose to represent your company's interests in the placement of insurance coverages.

As is the case with many insurance companies in the United States, Zurich distributes many of its insurance products through agents or brokers.  This means that your agent or broker is not employed by Zurich and, in fact, may represent many insurance companies.  Because we do not employ your agent or broker, the way they are compensated may vary.  We recommend you discuss these arrangements with your agent or broker.

Like many other insurers, when Zurich compensates your agent or broker, they **may** receive two types of payments. The first type of compensation is known as "base commission," and the second is called "contingent compensation."

For an explanation of the nature and range of compensation Zurich may pay to your agent or broker in connection with your business, please go to **http://www.zurichna.com**.  Click on the information link located on the Agent/Broker Compensation Disclosure section.  Where appropriate, insert the Access Code provided below, and you will be able to view this information.  Alternatively, you may call (877) 347-6465 to obtain this type of information.

Thank you.

Access Code:  2016074473

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| MUSKET CORPORATION, | : | **Civil Action** |
| | : | **No. 06CV 15522** |
| Plaintiff, | : | |
| | : | **Hon. Victor Marrero,** |
| - against - | : | **U.S.D.J.** |
| | : | |
| PDUSA PETROLEO, S.A., a/k/a PDUSA PETROLEO | : | **GARNISHEE'S** |
| Y GAS, S.A., ADVANCED ENGINEERING | : | **STATEMENT** |
| DEVELOPMENT, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO THE UNITED STATES MARSHAL FOR THE
SOUTHERN DISTRICT OF NEW YORK:

The undersigned, on behalf of JPMorgan Chase Bank, N.A. ("JPMorgan Chase"),

as garnishee, states that JPMorgan Chase has in its possession and custody the sum of

$1,561,061.50, representing the proceeds of a certain drawing dated December 28, 2006

under JPMorgan Chase letter of credit No. CTCS-631908, as amended December 22,

2006, which drawing was made by PDVSA Petroleo, S.A. ("PDVSA"), and which sum is

presently reflected as due to be paid to PDVSA upon the books and records of JPMorgan

Chase.

Dated: New York, New York
January 8, 2007

JPMORGAN CHASE LEGAL DEPARTMENT

By: _____
Manuel W. Gottlieb (MWG – 7129)
Attorneys for JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-0949

154983:v1