UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                              Plaintiff,

        - against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                              Defendants.

Civil Action No.
06 CV 15522 (VM)

**DECLARATION IN SUPPORT
OF PLAINTIFF'S MOTION TO
EXTEND TIME TO SERVE
PROCESS UPON DEFENDANT
PDVSA**

JOHN J. REILLY hereby declares the following to be true under penalty of perjury:

1.      I am a member of the bar of this Court and am a member of the firm of Holland &

Knight LLP, attorneys for plaintiff Musket Corporation ("Musket"). I make this declaration in

support of plaintiff's motion, pursuant to Rule 64 of the Federal Rules of Civil Procedure and

N.Y. Civil Practice Law and Rules Section 6213, to extend the time by which the Summons and

Complaint shall be served upon defendant PDVSA Petroleo, S.A. (a/k/a PDVSA Petroleo y Gas,

S.A.) ("PDVSA"). I am fully familiar with the facts and circumstances stated below.

2.      Upon information and belief, PDVSA is a corporation which is organized under

the laws of the Bolivarian Republic of Venezuela and is domiciled in Caracas, Venezuela.

3.      This Court granted plaintiff's *ex parte* motion for an attachment order on

December 28, 2006. Pursuant thereto, plaintiff attached funds of PDVSA held at JPMorgan

Chase Bank in New York in excess of $1.5 million.

4.      At the hearing held before the Court on January 5, 2007, PDVSA appeared by

counsel, and, *inter alia*, requested and obtained an extension of time to answer the Complaint.

5.      Later in January 2007, we asked counsel for PDVSA if they would accept service of process for their client. Initially we were told that this "should not be a problem" but that they would let us know. We have discussed this with PDVSA's counsel on more than one occasion (as recently as last week) and we have been told again that they will let us know.

6.      Given the delay in a response to our request, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, we have instituted service of the Summons and Complaint via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters dated November 15, 1965 (the "Hague Service Convention"), by means of an international process service called Process Forwarding International.

7.      I am advised that the Summons and Complaint, together with Spanish translations thereof as required, have been delivered to the Venezuelan authorities for service on PDVSA pursuant to the Hague Service Convention. However, service has not been completed, and we are advised that service can take as long as one year to be completed. Therefore, Musket seeks an order extending the time to complete service, in order that the attachment order may remain in place pursuant to CPLR § 6213.

8.      Attached hereto as Exhibits A and B are the Affidavits of Ravi Ramdas which were submitted in support of plaintiff's motion for an *ex parte* attachment order and in support of its motion to confirm the attachment order. These affidavits are provided simply to set forth the background facts concerning the action and the attachment motion.

**WHEREFORE,** plaintiff respectfully requests that the Court issue an order extending the time to complete service of process upon PDVSA for an additional 60 days, with leave to seek further extensions of the time to serve as may be necessary.

Dated:  New York, New York
         February 26, 2007

John J. Reilly (JR 9031)

# 4286607_v2

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                Plaintiff,

- against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                Defendants.

06CV 15522

Civil Action No. _J. MARRERO_

**AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ORDER OF ATTACHMENT**

STATE OF OKLAHOMA   )
                        : ss.:
COUNTY OF OKLAHOMA  )

      RAVI RAMDAS, being duly sworn, deposes and says:

      1.     I am employed by plaintiff, Musket Corporation ("plaintiff" or "Musket"), as

Basis Trading Manager. I make this affidavit in support of plaintiff's application for an order of

attachment, permitting the attachment of the proceeds of a Letter of Credit drawdown. I am fully

familiar with the facts and circumstances stated below.

      2.     I respectfully refer the Court to the Complaint which Musket has filed in this

action, and I hereby incorporate by reference the allegations in the Complaint.

      3.     As shown in the Complaint, Musket entered into an agreement with defendant

Advanced Engineering to buy a cargo of oil from PDVSA, which is the state-owned Venezuelan

oil producer (and the owner of Citgo). The contract required Musket to pay the lion's share of

the purchase price to defendant PDVSA. As a security device, Musket was obligated to, and did,

establish a Standby Letter of Credit ("LOC") with JPMorgan Chase Bank N.A. in favor of

PDVSA, to cover the purchase price. However, that letter of credit, by its terms, was not to be used in the event that payment was made by Musket.

4.     Musket has paid in full for the delivery of oil, in accordance with the terms of the agreement with Advanced Engineering. However, we understand that defendant PDVSA has presented a drawdown request on the LOC to JPMorgan Chase in an amount in excess of $1.5 million above and beyond that which Musket was obligated to pay.

5.     We understand that PDVSA has presented the required documents to the bank and that payment has not yet been made but will likely take place on the morning of Friday, December 29, 2006. Therefore, an order of attachment is urgently required, so that the funds of PDVSA will not be disbursed by the bank.

6.     We have placed the defendants on notice, in writing, of our objection to any draw-down of the LOC. Neither of the defendants has responded to our notice.

7.     There are no known counterclaims.

_Ravi Ramdas_     28 Dec '06
Ravi Ramdas

Sworn to before me this
28th day of December, 2006

_Nancy L. Baxter_
Notary Public

# 4270560_v1

Exhibit

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                              Plaintiff,

        - against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                              Defendants.

Civil Action No.
06 CV 15522 (VM)

**AFFIDAVIT IN SUPPORT
OF MOTION TO CONFIRM
ORDER OF ATTACHMENT**

STATE OF OKLAHOMA        )
                                        : ss.:
COUNTY OF OKLAHOMA   )

        RAVI RAMDAS, being duly sworn, deposes and says:

        1.        I am employed by the plaintiff, Musket Corporation ("plaintiff" or "Musket"), and

make this affidavit in support of plaintiff's motion to confirm the Order of Attachment entered

on December 28, 2006.  I am fully familiar with the facts and circumstances stated below.

        2.        I respectfully refer the Court to my prior affidavit sworn to on December 28,

2006, as well as the Complaint.  The purpose of this affidavit is to amplify the papers previously

submitted by plaintiff, so that the Court has a more complete understanding of the underlying

transaction at issue, and to address certain documents which I am advised were presented to the

Court by counsel for defendant PDVSA Petroleo S.A. ("PDVSA") during a conference held in

this matter on January 5, 2007.

        3.        At the outset, I wish to emphasize that there should be no dispute about the value

of the cargo of oil which plaintiff agreed to purchase.  The agreed price, as evidenced by the

contract terms, was (i) the average market price for the dates Nov. 13-15, 2006 which was

$68.1552 per US barrel (which equals $1.6227 per US gallon, or $502.486 per metric ton), times (ii) the actual quantity of the shipment, as determined at the destination port, which was 263,123 US barrels when discharged on December 10, 2006 (equal to 35,688.94 metric tons). See Contract (Complaint, Exh. 1). This yields a purchase price of $17,933,192.57.

4.     Plaintiff has paid this amount in full. Annexed hereto as Exhibit 1 is the wire transfer record evidencing payment of $2,191,000.00 to Team Tankers AS ("Team Tankers"), the vessel owner, on December 4, 2006. Annexed hereto as Exhibit 2 is the wire transfer record evidencing payment of $1,309,000.00 to defendant Advanced Engineering Development Ltd. ("Advanced") on December 5, 2006. Annexed hereto as Exhibit 3 is the wire transfer record evidencing payment of $14,433,192.57 to PDVSA on December 19, 2006. This totals $17,933,192.57.

5.     As further explained in this Affidavit, plaintiff's payment to Team Tankers, the ocean carrier, was made solely as an accommodation to Advanced and as a partial payment of the agreed price for the cargo. Plaintiff was NOT contractually liable to pay the cost of shipping the cargo from Venezuela to the destination. Plaintiff did not charter the vessel and is not a party to the charter party (contract of shipment). It is plaintiff's understanding that the charterer was Advanced. The agreed price was the cargo of oil "on Delivered basis." Contract (Complaint, Exh. 1), page 1, at "Price". This is further reflected in the fact that the only additional charge that the purchaser (plaintiff) might have to bear, per the contract, was demurrage (delay damages) at the discharge port. Id., p. 2, at "Demurrage." Any demurrage at the port of origin was not plaintiff's responsibility.

6.     As it happened, demurrage at the port of origin was significant in this case. It is plaintiff's understanding that this cargo of oil had already been sold to another buyer and loaded

on board in Venezuela when that transaction was cancelled. Plaintiff was then contacted with the opportunity to purchase the cargo. The vessel carrying the cargo was idle in port in Venezuela for some time before we proceeded. Any expenses arising due to that delay were the responsibility of the sellers, not of plaintiff.

7.    The Court may wish to note the heading of the original contract of sale (Complaint, Exh. 1, p. 1), which refers to and identifies the seller as follows:

**Advanced Engineering Development Ltd.**
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678\
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as "Seller")

The contract was prepared by Advanced. Plaintiff was told that Intrakam was an agent or broker of PDVSA handling sales to foreign, private (non-governmental) entities, and that Advanced was acting for Intrakam and PDVSA.

8.    As the vessel approached the destination, Advanced advised plaintiff that the charges to be invoiced by the carrier (Team Tankers) to Advanced were greater than anticipated. Annexed hereto as Exhibit 4 is a copy of an ocean freight invoice issued by Team Tankers to Advanced on November 22, 2006, reflecting shipping charges of $1,366,000.00 and delay damages (demurrage) of $825,000.00, for a total of $2,191,000.00. (This demurrage was incurred at the origin of the voyage, not at the destination.) Advanced asked plaintiff to pay this invoice, as an accommodation to Advanced, in order for Team Tankers to discharge the cargo.[1] Plaintiff and Advanced agreed that this sum was to be credited toward the purchase price of the cargo. In other words, plaintiff would simply advance this sum as partial payment of the total

---

[1] The vessel owner was not required to offload the cargo at the destination until all shipping charges had been paid. This is what is meant by the term of payment, "Before Breaking Bulk" (BBB), on Team Tankers' invoice, Exh. 4.

price, and the balance due by plaintiff to Advanced and PDVSA would be reduced by that amount. Plaintiff agreed to this proposal because it appeared that there was no other way to get the cargo off-loaded.

9.      Advanced then prepared the contract amendment (Complaint Exh. 3). Pursuant to the original contract (Complaint Exh. 1), Advanced was to be paid $61 per metric ton, or about $2.2 million, and PDVSA was to receive the remainder, about $15.7 million. It had been plaintiff's understanding that Advanced would pay the carrier's charges from its fee. However, to reflect the revised agreement, where Musket would advance the shipping charges on behalf of Advanced against the contract price, the amendment reflected that the total purchase price of approximately $17,930,000 (subject to final reckoning, based on the actual quantity of oil off-loaded) would be divided as follows: approximately $14,430,000 to be paid to PDVSA; $1,309,000 to Advanced; and $2,191,000 to Team Tankers. Advanced did not reveal to us the basis for the change in the allocation of the sales price between itself and PDVSA.

10.      Musket was advised by Advanced that there was no need to contact PDVSA with regard to the contract amendment. Musket was assured that Advanced acted with full authority.

11.      I am advised that, at a court conference held on January 5, 2007, lawyers for PDVSA referred to two documents: (1) an unsigned amended letter of credit application, which states that plaintiff will pay PDVSA "on behalf of the company Intrakam SA," and (2) an invoice from PDVSA to Intrakam. Copies of these documents, as presented in court, are annexed hereto as Exhibits 5 and 6, respectively.

12.      On November 15, 2006 – shortly after the original contract was made, and the letter of credit was obtained – a representative of PDVSA contacted plaintiff, Advanced and Intrakam by email and indicated that the letter of credit documentation needed to be amended.

Apparently PDVSA's position is that it does not sell oil directly to purchasers, but does so only through "operators" (agents) such as Intrakam. Accordingly, PDVSA asked that the letter of credit be altered to state that plaintiff was making payment to PDVSA "on behalf of" Intrakam. A copy of this e-mail is annexed hereto as Exhibit 7. The requested change appears to be some sort of legal fiction required for PDVSA's internal needs. Plaintiff agreed to this amendment of the Letter of Credit. However, this does not change the underlying transaction in any respect.

13.    This communication establish that PDVSA was fully aware of Advanced's role in the transaction. The address "a.engineering@terra.es" which appears in the "cc" header of the PDVSA e-mail (Exh. 7) is an email address of Advanced.

14.    As far as I can determine, plaintiff was never advised that PDVSA had approved the amendment to the letter of credit, as the form of amendment requires.

15.    The second document which I am advised was shown to the Court by PDVSA's lawyers is an invoice dated December 12, 2006 from PDVSA to Intrakam, in the amount of $15,992,694.88, for the cargo of oil purchased by plaintiff (Exh. 6 hereto). Plaintiff does not understand how this amount is derived. The "rate" (price term) does not correspond to the actual price per barrel, even taking into account any agreed deduction for Advanced.

16.    The difference between the amount of the PDVSA-Intrakam invoice, and the amount that plaintiff paid to PDVSA by wire transfer on December 19, 2006 ($14,433,192.57), is $1,559,502.31. The amount that PDVSA drew down under the letter of credit, and which is subject to the Order of Attachment, is a larger sum, $1,561,061.50. (This difference probably reflects PDVSA charging Musket for interest.)

17.    The PDVSA invoice to Intrakam is not relevant to plaintiff. Plaintiff did not agree to pay Intrakam, or to pay a PDVSA invoice issued to Intrakam. Per the contract, as

amended, plaintiff's obligation was to pay $14,433,192.57 to PDVSA (i.e., the total cost of the

cargo, as agreed, less the payments made to Advanced and Team Tankers). Plaintiff is not privy

to the arrangements between and among PDVSA, Advanced and Intrakam. If Intrakam and/or

Advanced is required to make up the difference to PDVSA, that is not plaintiff's responsibility.

Plaintiff paid in full for the cargo; that is the extent of its responsibility. PDVSA's attempt to

help itself to a further payment, of over $1.5 million of plaintiff's money, is baseless.

WHEREFORE, plaintiff respectfully requests that the Court confirm the Order of

Attachment.

_Ravi Ramdas_
Ravi Ramdas

Sworn to before me this
15th day of January, 2007

_Linda K. Tillinghast_
Notary Public
# 99017090

## Transaction Search Details

| | | | |
|---|---|---|---|
| **Transaction Date:** | 12/4/2006 | **Status:** | COMPLETED TRANSACTION |
| **Amount:** | 2191000 | | |
| **Debit Party:** | ▬▬▬▬▬▬ | **Credit Party:** | DDA/0011667490 |
| | MUSKET CORP | | NORDEA BANK OSLO |
| | BOX 26210 | | P O BOX 1166 SENTRUM- |
| | OKLAHOMA CITY OK 73126 | | OSLO NORWAY 0107 - |
| **Debit Reference:** | 000000A0455883NW | **Credit Reference:** | WRE OF 06/12/04 |
| **Sequence #:** | None | | |
| **Transaction Type:** | Book Transfer | | |
| **JPMorgan Reference:** | 1156000338ZO | | |
| **Payment Details:** | IBAN NUMBER NO8360740442611 FOR PAYMENT OF INV NO P 007528 DATED 11-22-2006 TO ADVANCED ENGINEERING DEVELOPMENT LTD SPAIN | | |
| **Bank/Bank Info:** | | | |
| **Third Party:** | /6074.04.42611 | **Fourth Party:** | |
| **Order Party:** | TEAM TANKERS AS MUSKET CORP GENERAL | **Order Bank:** | |
| **Credit Advice:** | Swift | **Cr Adv Type:** | Payment |
| **Release Time(GMT):** | 21:23:43 | **Source:** | WRE |
| **Existing Inquiry:** | No | | |

Crystal Report Viewer

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| BC | 10480770 | USD | 1,309,000.00 USD | 1,309,000.00 | ADVANCE ENGINEERING DEVELOPMENT LTD | 262504 | | INTNL | 458194 | 12/5/2006 12:42:21PM |

# BANK ONE    *The One Net - Wires* (SM)

## Today's Bank Confirmed Payments Report - Detail

As of:  December 05, 2006  12:44:12 pm

### Payment Details

| | | |
|---|---|---|
| Tran Ref | 458194 | |
| Status | Confirmed | |
| Value Date | 05 Dec 2006 | |
| Transaction Date | 05 Dec 2006 | |
| Payment Amount | USD | 1,309,000.00 |
| Debit Amount | USD | 1,309,000.00 |
| Rate | TBD | |
| Customer Ref | | |
| Payment Type | INTNL | |
| Pymt Sys Ref. | 0574400339ZO | |
| Settlement Ref | 262504 | |
| Template Code | | |
| On Behalf Of | | |

### Debit Account Details

| | |
|---|---|
| Account Name | MUSKET CORP GENERAL |
| Account No. | ▬▬▬▬▬ |
| Short Name | MUSKETCO |
| Location | OK |

### Intermediary Bank Details

| | |
|---|---|
| Routing Code | |
| Routing Type | SWIFT |
| Bank Name | |
| | |
| Address | |

### Beneficiary Details

| | |
|---|---|
| Account | 0251-255055-52 |
| Name | ADVANCE ENGINEERING DEVELOPMENT LTD |
| Address | |

Charges

### Activity Log

| | | |
|---|---|---|
| Last Activity | BETTYP | 12/5/2006  12:42:21PM |
| Entered | BETTYP | 12/5/2006  11:53:51AM |
| Modified | | |
| Approved 1 | BETTYP | 12/5/2006  12:14:05PM |
| Approved 2 | BETTYP | 12/5/2006  12:14:05PM |
| Approved 3 | BETTYP | 12/5/2006  12:14:05PM |
| Unapproved | | |
| Deleted | | |
| Mgr Approved | | |
| Released | | 12/5/2006  12:14:05PM |
| Reject Reason | | |

### Beneficiary Bank Details

| | |
|---|---|
| Routing Code | CRESCHZZ12A |
| Bank Name | CREDIT SUISSE |

### Originator Details

| | |
|---|---|
| Name | |
| | |
| ID | |
| Address | |

### Draft Details

| | |
|---|---|
| Draft Number | |
| Mail To: | |

Address

No Address

GENEVA  CH

### Optional Text

Text to Bene      INVOICE NO. 867789 TO MUSKET CORPORATION

Instructions to
Bene Bank
Instructions to
Bank One

Internal Memo

| | |
|---|---|
| Print Processed? | No |
| Reprint Count | |
| Last Reprint | |
| Draft Advice | |

INVOICE NO. 867789 TO MUSKET CORPORATION

Crystal Report Viewer

| BC | 10480770 | USD | 14,433,192.57 USD | 14,433,192.57 | PDVSA PETROLEO, S.A. | BOOK TRANSFER | DOM | 509299 | 12/19/2006 2:23:23PM |

# BANK ONE   *The One Net - Wires*   (SM)

## Today's Bank Confirmed Payments Report - Detail

As of: December 19, 2006  2:27:50 pm

### Payment Details

| | |
|---|---|
| Tran Ref | 509299 |
| Status | Confirmed |
| Value Date | 19 Dec 2006 |
| Transaction Date | 19 Dec 2006 |
| Payment Amount | USD  14,433,192.57 |
| Debit Amount | USD  14,433,192.57 |
| Rate | TBD |
| Customer Ref | |
| Payment Type | DOM |
| Pymt Sys Ref. | 0892500353ZO |
| Settlement Ref | BOOK TRANSFER |
| Template Code | |
| On Behalf Of | |

### Beneficiary Bank Details

| | |
|---|---|
| Routing Code | 021000021 |
| Bank Name | JPMORGAN CHASE BANK, NA |
| Address | |

NEW YORK, NY

### Optional Text

Text to Bene     PAYMENT UNDER LETTER OF CREDIT NO. CTCS-651908 MUSKET CORPORATION ON BEHALF OF INTRAKAM SA DE CV, INV 383222-0

Instructions to
Bene Bank
Instructions to
Bank One
Internal Memo

### Debit Account Details

| | |
|---|---|
| Account Name | MUSKET CORP GENERAL |
| Account No. | ▉▉▉ |
| Short Name | **MUSKETCO |
| Location | OK |

### Intermediary Bank Details

| | |
|---|---|
| Routing Code | |
| Routing Type | Fedwire ABA |
| Bank Name | |
| Address | |

### Originator Details

| | |
|---|---|
| Name | |
| ID | |
| Address | |

### Beneficiary Details

| | |
|---|---|
| Account | 0011992765 |
| Name | PDVSA PETROLEO, S.A. |
| Address | |

Charges

### Activity Log

| | | |
|---|---|---|
| Last Activity | BETTYP | 12/19/2006  2:23:23PM |
| Entered | BETTYP | 12/19/2006  2:07:34PM |
| Modified | | |
| Approved 1 | BETTYP | 12/19/2006  2:08:18PM |
| Approved 2 | BETTYP | 12/19/2006  2:08:18PM |
| Approved 3 | BETTYP | 12/19/2006  2:08:18PM |
| Unapproved | | |
| Deleted | | |
| Mgr Approved | | |
| Released | | 12/19/2006  2:09:05PM |
| Reject Reason | | |

### Draft Details

| | |
|---|---|
| Draft Number | |
| Mail To: | |

| | |
|---|---|
| Print Processed? | No |
| Reprint Count | |
| Last Reprint | |
| Draft Advice | |

PAYMENT UNDER LETTER OF CREDIT NO.
CTCS-651908 MUSKET CORPORATION ON BEHALF
OF INTRAKAM SA DE CV, INV 383222-0



# TEAM TANKERS AS
## OSLO - NORWAY

Mailing Address:  P.O. Box 1468 Vika, 0116 Oslo, Norway
Visiting Address:  Haakon VII's gt. 1, 0161 Oslo, Norway
Tel:  +47 23 11 82 70,  Fax:  +47 22 83 21 51,  Email:  teamchartering@sokana.com

**Advanced Engineering
Development Ltd Spain
c/o Ares Shipping De Venezuela, CA**

PLEASE REFER TO INVOICE NO.
WHEN REMITTING

**INVOICE NO.  *P*007528**

INVOICE DATE   11/22/2006

CUST REF

| VESSEL | VOY. NO. | C/P DATE 11/20/2006 | FIXTURE NO. |
|---|---|---|---|
| **TEAM ANIARA** | **36** | | **03059** |

| TERMS OF PAYMENT | B/L DATE | DUE DATE |
|---|---|---|
| **BEFORE BREAKING BULK  (BBB)** | **11/13/2006** | **12/5/2006** |

| DESCRIPTION | | AMOUNT USD |
|---|---|---|
| **OCEAN FREIGHT INVOICE** | | |
| | | |
| 35,688.940 M  **CPP** | 2,191,000.00 **L** | **2,191,000.00** |
| **$1,366,000.00-Rotterdam Disch** | | |
| **$ 825,000.00-Damages Incurred** | | |
| | | |
| **Load:  Punta Cardon** | | |
| **Disch:  Rotterdam** | | |
| | | |
| **Total:** | | **2,191,000.00** |

> **Notice to Debtors**
>
> **Please note that pursuant to a factoring
> agreement dated 12 December 2004, all our
> account receivables have been pledged to Nordea
> Bank Norge ASA and from the date hereof, all
> payments to Team Tankers AS shall be paid to
> our account with Nordea Bank Norge ASA,
> account no. 6074.04.42611.**

REMIT TO
**Nordea Bank Finland plc, New York
ABA: 026010786 Swift: NDEAUS3N
For further credit to:
Nordea Bank Norge ASA,  swift NDEANOKK
Credit:  Team Tankers AS
Account Number:  6074.04.42611 (IBAN Number:  NO8360740442611)**

**JPMorganChase**

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 17, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2
AMENDMENT NO.: 1

TO:
PDVSA PETROLEO S.A.
DIVISION CORPORATIVA DE MANUFACTURA
Y MERCADEO EDIF. PDVSA, TORRE OESTE
CARACAS,
VENEZUELA

APPLICANT:
MUSKET CORPORATION ON BEHALF OF THE
COMPANY INTRAKAM SA DE CV
10601 N. PENNSYLVANIA
P.O. BOX 26210
OKLAHOMA CITY, OK 73126

IN ACCORDANCE WITH INSTRUCTIONS RECEIVED, THE ABOVE REFERENCED STANDBY
LETTER OF CREDIT HAS BEEN AMENDED AS FOLLOWS:

RECEIVER'S REFERENCE:          NONREF

APPLICANT'S NAME AND ADDRESS ARE CHANGED TO
MUSKET CORPORATION ON BEHALF OF THE
COMPANY INTRAKAM SA DE CV
10601 N. PENNSYLVANIA
P.O. BOX 26210
OKLAHOMA CITY, OK 73126

BENEFICIARY'S NAME AND ADDRESS ARE CHANGED TO
PDVSA PETROLEO S.A.
DIVISION CORPORATIVA DE MANUFACTURA
Y MERCADEO EDIF. PDVSA, TORRE OESTE
CARACAS,
VENEZUELA

THE FOLLOWING 2 CONDITIONS ARE ADDED:

WE UNDERSTAND THIS LETTER OF CREDIT IS ISSUED RELATIVE TO CONTRACT
REFERENCE 015INTRAK COVERING THE PURCHASE OF MT35,708 OF D2 DIESEL OIL
BETWEEN PDVSA PETROLEO S.A. AND THE COMPANY INTRAKAM SA DE CV. WE FURTHER
UNDERSTAND THAT INTRAKAM SA DE CV'S ROLE IS AS AN OPERATIVE ON BEHALF OF
PDVSA PETROLEO S.A., ONLY.

THE AMOUNT AVAILABLE FOR DRAWING UNDER THIS LETTER OF CREDIT WILL BE
REDUCED BY THE AMOUNT OF ANY PAYMENTS MADE OUTSIDE THIS LETTER OF CREDIT TO

# JPMorganChase

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 17, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2
AMENDMENT NO.: 1

THE BENEFICIARY IF SUCH PAYMENTS ARE MADE THROUGH JPMORGAN CHASE BANK, N.A., CHICAGO AND REFERENCE THIS LETTER OF CREDIT.

BENEFICIARY'S SIGNED AND DATED STATEMENT IS CHANGED TO READ AS FOLLOWS: "WE, PDVSA PETROLEOS, S.A,HEREBY CERTIFY THAT MUSKET CORPORATION ON BEHALF OF THE COMPANY INTRAKAM SA DE CV HAS FAILED TO PAY US ON DUE DATE THE AMOUNT OF U.S. $16,400,000.00 PLUS +/- 10% (SIXTEEN MILLION FOUR HUNDRED THOUSAND AND 00/100 U.S. DOLLARS PLUS AND MINUS TEN PERCENT)FOR THE SHIPMENT OF MT35,708 OF D2 DIESEL OIL FROM PUNTA CARDON,VENEZUELA TO HOUSTON, TEXAS, USA SHIPPED ON VESSEL M/T TEAM ANIARA." THEREFORE, WE DEMAND PAYMENT OF SAID AMOUNT IN SAME DAY FUNDS VIA WIRE TRANSFER TO OUR ACCOUNT PDVSA PETROLEO S.A., JPMORGAN CHASE BANK, N.A., NEW YORK 270 PARK AVE., NEW YORK 10172, ACCOUNT NUMBER 0011992765 ROUTER 022000021 SWIFT: CHASUS33.
ALL AMENDMENT UNDER THIS LETTER OF CREDIT ARE SUBJECT TO THE BENEFICIARY'S AGREEMENT, AS PER (SELECT ONE) [ARTICLE 9D, UCP 500] OR [RULE 1.06B, ISP98]. THIS AMENDMENT SHALL NOT BE CONSIDERED OPERATIVE UNLESS THE BENEFICIARY COMMUNICATES THEIR AGREEMENT TO THE AMENDED TERMS. PLEASE INDICATE YOUR ACCEPTANCE/REJECTION BY SIGNING AND RETURNING A COPY OF THIS AMENDMENT TO THE ATTENTION OF STANDBY LETTER OF CREDIT UNIT, 300 S. RIVERSIDE PLAZA, MAIL CODE IL1-0236, CHICAGO, ILLINOIS60606-0236.

PDVSA PETROLEO S.A.

ACCEPTED BY: _____
ITS: _____
DATE: _____

REJECTED BY: _____
ITS: _____
DATE: _____

ALL OTHER TERMS AND CONDITIONS OF THE CREDIT REMAIN UNCHANGED.

170d51 Evelyn Abbasi

pge 2 of 3

# JPMorganChase 🌀

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 17, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2
AMENDMENT NO.: 1

NOTE:  KINDLY SIGNIFY YOUR CONSENT TO THIS AMENDMENT BY SIGNING AND
RETURNING THE ENCLOSED COPY DIRECTLY TO US OR THE ADVISING BANK (IF ONE IS
PRESENT) FOR TRANSMISSION TO US.  YOUR IMMEDIATE ATTENTION TO THIS MATTER
WILL BE APPRECIATED IN ORDER THAT WE MAY COMPLETE OUR RECORDS.

_____
AUTHORIZED SIGNATURE

**PDVSA PETROLEO, S.A.**
CARACAS, DF 1044

INVOICE

TO:  INTRAKAM SA
ATTN: CESAR CHAVEZ ROBLES
COAHUILA

| | |
|---|---|
| INVOICE NO: | 383222-0 |
| PAGE NO. | 1 |
| INVOICE SENT DATE: | 12-12-06 |

FAX  0052(844)439 0789

OUR CONTRACT NO.  SA130239

PAYMENT INSTRUCTIONS:
  PLEASE REFERENCE INVOICE
  JPMORGAN CHASE NEW YORK
  270 PARK AVENUE
  NEW YORK
  NEW YORK, NY 10172
  BANK ACCOUNT NO: 0011992765
  BANK ASSOC NO:  021000021

NO. RIF.        J-001230726

CONTACT:      CARLOS ORELLANA
PHONE NO:     0212-7084032

| | |
|---|---|
| DUE DATE: | 12-13-06 |
| PAYMENT TYPE: | WIRE |
| PAYMENT TERMS: | 30 DAYS AFTER BILL OF LADING DATE (B/L DATE = DAY 0) |

MOVEMENT: DELIVERY OF DIESEL ON 11/13/2006  FOB ORIGIN
ORIG LOCATION: PUNTA CARDON, PORT, VENEZUELA
DEST LOCATION: HOUSTON, PORT, TEXAS, USA
EXPORTER OF RECORD: PDVSA PETROLEO, S.A.
SHIPPING: BY VESSEL (TEAM ANIARA)    TICKET NUMBER=5855
CURRENCY USED: US DOLLAR

| LINE | DESCRIPTION | QTY | UOM | N/G | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 0-1 | DIESEL | 263,123. | BBL | N | 60.7803 | 15,992,694.88 |
| | | | | | | 15,992,694.88 |

| | |
|---|---|
| INVOICE TOTAL | 15,992,694.88 |

INVOICE COMMENTS:         Payment of the invoice shall be made in U.S. dollars (without  discount, allowance,
retention or deduction, including banking fees or wire transfers from commercial banks) to
the bank and account No. indicated above in same-day-available funds opening business
at the City of New York making reference to the invoice number on your remittance.

PAYMENT TO BE RECEIVED UNDER JPMORGAN CHASE NEW YORK.  LETTER OF
CREDIT NO. CTCS-651908

Page 1 of 1

## Betty Proudfoot

**From:** Betty Proudfoot
**Sent:** Wednesday, November 15, 2006 2:27 PM
**To:** 'GILMER GONZALEZ'
**Subject:** RE: MUSKET - INTRAKAM / LETTER OF CREDIT

We are on the conference call right now.

**From:** GILMER GONZALEZ [mailto:gonzalezggx@pdvsa.com]
**Sent:** Wednesday, November 15, 2006 1:58 PM
**To:** Betty Proudfoot
**Cc:** DOLORES DOBARRO; CAROLA BEJARANO; a.engineering@terra.es; ARCADIO ROSAS; CESARCHAVEZ@INTRAKAM.COM.MX; MARIA SILVA
**Subject:** MUSKET - INTRAKAM / LETTER OF CREDIT

Dear Sirs,

As per our phone conversation of today regarding the above reference, we hereby confirm the need of opening a Letter of Credit having as applicant the Company **"Musket" on behalf of the Company "Intrakam"**, due to Intrakam is the registered client in PDVSA, the actual direct buyer and responsible for paying before PDVSA. The use of this statement is commonly practiced in PDVSA with our customers; this procedure also protects all parts involved. We so far haven't had any problems with this practice. According to the above applicant statement, Intrakam would be the only company responsible for any legal claim under the supplying contract and under the warranty and/or letter of credit, so it is needed to get Intrakam involved in the documentation. Since you need some time to contact the adequate approval channels, we here wait for your prompt answer considering we have no time because the loaded vessel has been there for too long, causing operational problems to PDVSA and desperation to the crew.
We hope this problem can be solved as soon as possible since we both intend to keep on building up our business relationship in the future.
Our e-mail addresses: GONZALEZGGX@PDVSA.COM, DOBARRODETD@PDVSA.COM and BEJARANOCC@PDVSA.COM.
Our phones: 58-212-708.4552 / 708.3999.
Kind regards,

Gilmer G. González G.
International Commerce General Manager
Commerce & Supply
PDVSA Petróleos, S.A.

*************** PDVSA´S INTERNET E-MAIL USE ***************
This message may contain information solely of the interest of PDVSA or
its businesses. Copying, distribution, disclosure or any use of the
information contained in this transmission is permitted only to
authorized parties. If you have received this e-mail by error, please
destroy it and notify webmaster@pdvsa.com or the sender by reply email.

****** USO DEL CORREO ELECTRONICO DE PDVSA HACIA INTERNET ******
Esta nota puede contener informacion de interes solo para PDVSA o sus
negocios. Solo esta permitida su copia, distribucion o uso a personas
autorizadas. Si recibio esta nota por error, por favor destruyala y
notifique al remitente o a webmaster@pdvsa.com.