UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

       Plaintiff,

 - against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

       Defendants.

Civil Action No.
06 CV 15522 (VM)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO EXTEND TIME TO COMPLETE SERVICE OF PROCESS
FOR PURPOSES OF CONTINUING VALIDITY OF ATTACHMENT ORDER**

HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007
(212) 513-3200

Attorneys for Plaintiff

Plaintiff Musket Corporation ("Musket") submits this Memorandum of Law in support of its motion, pursuant to Rule 64 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("CPLR") Section 6213, to extend the time for service of the Summons and Complaint upon defendant PDVSA Petroleo, S.A. (a/k/a PDVSA Petroleo y Gas, S.A.) ("PDVSA"), so that the attachment order previously entered by this Court may remain valid and effective.

## Preliminary Statement

This is an action for breach of contract or quasi-contract involving the purchase of a cargo of diesel oil.[1] After plaintiff paid for the cargo in full, PDVSA, claiming entitlement to additional funds, drew down over $1.5 million on a standby letter of credit which Musket had established to secure PDVSA's entitlement to payment.

Musket commenced this action by filing a Complaint on December 28, 2006. On that date, Musket moved for (and this Court granted) an *ex parte* order of attachment pursuant to CPLR Article 62. Musket has moved to confirm the order of attachment. That motion will be fully briefed and filed by March 1, 2007.

The present motion seeks an extension of time by which Musket may serve PDVSA with the Summons and Complaint. Pursuant to the CPLR, such an extension is required so that the attachment order may remain in place.

---

[1] The following facts were set forth in detail in the Affidavits of Ravi Ramdas which were submitted in support of plaintiff's motion for an *ex parte* attachment order and in support of its motion to confirm the attachment order. For the Court's convenience, these Affidavits are attached to the accompanying Declaration of John J. Reilly dated February 26, 2007 ("Reilly Declaration") as Exhibits A and B.

## ARGUMENT

### THE TIME TO SERVE PROCESS UPON PDVSA SHOULD BE EXTENDED SO THAT THE ATTACHMENT ORDER MAY REMAIN IN PLACE

Rule 64 of the Federal Rules of Civil Procedure provides that the remedy of pre-judgment attachment is governed by the law of the state in which the district court is held. Therefore, the attachment remedy in this case is governed by Article 62 of the CPLR.

CPLR Section 6213 provides that "[a]n order of attachment granted before service is made on the defendant against whom the attachment is granted is valid only if, within sixty days after the order is granted, a summons is served upon the defendant . . . . " It further provides: "Upon such terms as may be just and upon good cause shown, the court may extend the time, not exceeding sixty days, within which the summons must be served or publication commenced pursuant to this section, provided that the application for extension is made before the expiration of the time fixed."

The Attachment Order was entered on December 28, 2006. Therefore, Musket's instant motion is timely, as it is made within sixty days of the entry of that order.

Good cause exists to extend the time to complete service. Counsel for PDVSA have suggested that they would not require formal service of process upon their client, but the issue has not been resolved. Accordingly, plaintiff has initiated service of process upon PDVSA in Venezuela pursuant to the Hague Service Convention (the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters dated November 15, 1965). Plaintiff's counsel are advised that formal service of process in Venezuela can take up to one year to be completed. *See* Reilly Declaration.

In these circumstances, common sense dictates that the requirements of CPLR 6213 should be interpreted in light of the realities of service abroad, and that the time for completion

of service should be extended liberally so that the remedy of attachment is not rendered a nullity due to delays that are not in the plaintiff's control.

In *Kulpa v. Jackson,* 773 N.Y.S.2d 235 (Sup. Ct. Oneida Cty. 2004), the plaintiff sought an extension of the 120-day time limit set forth in CPLR § 306-b to serve a foreign defendant pursuant to the Hague Convention. The court granted plaintiff's motion:

> In situations involving service under the Hague Convention, the treaty mandates the delegation of duty and actuality of service to a foreign sovereign over whom the litigant, definitionally, has absolutely no control. All that an attorney can do regarding service pursuant to the Hague Convention is follow the proper procedures to cast his client on the tender mercies of a foreign sovereign which may or may not have much interest in effecting the involvement of its citizens in litigation in the United States. Once the papers have been successfully delivered to the sovereign, the domestic litigant's counsel has done all she can, and if additional months or years are required to let the sovereign work his will, so be it, and courts should routinely correspondingly extend the time provided to complete the task of achieving proper service under the Hague Convention.

*Id.* at 242 (citing *Broad v. Mannesman Anlagenbau, AG,* 10 P.3d 371 (Wash. Sup. Ct. 2000)).

In the instant case, Musket, like the plaintiff in *Kulpa,* has delivered the papers to the foreign authorities. *See* paragraphs 1-3 of the accompanying Declaration of John J. Reilly ("Reilly Declaration"). However, the Venezuelan authority, over whom Musket obviously lacks control, has not completed service upon PDVSA. *Id.* Therefore, this Court should extend the time by which Musket may complete service under the Hague Service Convention.

## CONCLUSION

For the reasons discussed above, Musket respectfully requests that this Court enter an Order extending the time by which it may complete service upon PDVSA for sixty (60) days, with leave to seek further extensions of the time to serve as may be necessary, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 26, 2007

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff

By: _____
    John J. Reilly (JR 9031)
    David D. Howe (DH 6201)
195 Broadway
New York, New York 10007
(212) 513-3200

# 4377192_v3