# UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSKET CORPORATION<br>       PLAINTIFF/PETITIONER<br>VS.<br><br>PDVSA PETRULEO, S.A., e/k/a PDVSA<br>PETROLEO Y GAS, S.A. and<br>ADVANCED ENGINEERING DEVELOPMENT<br>LTD.<br>       DEFENDANT/RESPONDENT | CAUSE # :  06 CV 15522<br><br><br>CERTIFICATE OF SERVICE |

This service has been completed in compliance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (Done at The Hague November 15, 1965) (Entered Into Force for the U.S. on February 10, 1969). The Certificate of Service attached is also in compliance.

**ABC Legal Services, Inc.**
633 Yesler Way Seattle, WA 98104
206 521-9000
TRACKING # : 4206617

**ORIGINAL**
**PROOF OF SERVICE**

HOLLAND & KNIGHT
195 BROADWAY, 24TH FLOOR
NEW YORK, NY 10007-3189
212 513 3372
Page 1 of 1
OK_WGENEVA

GENERAL SERVICE OF THE JUDICIAL DISTRICT OF MARBELLA
Avda, Arias de Valasco n° 15.- Sede de los Juzgados.- CP 29600.-

Referente Number: _____ Exl Civil _____ 557/07
Court: _____ (Illegible) _____ United States
Procedure: _____ (Illegible) _____ 289/07 _____

## Home Notification Proceedings
In Marbella, on *March 22, 2007*
I am issuing this to the judicial agent, to attest that on this day, I am at the indicated address ____ *Guadalupe Mtz. , Illlegible) Barclays Local 4 -* _____ ( *something scratched out) San Pedro (Illegible)* _____ with the intent to perform the communication act agreed upon in the trial involving _*Advance Engineering Development LTD* ___

[ ]    Having him/her present, I deliver de document(s) that are indicated below, and which contents and purpose are explained as well.

[X]    Not having found the addressee at the indicated time, but instead a person who claimed to be _*in charge of Mail box local 4*___ known as _*Doña Magdalena Tramullan*__, over fourteen years of age, to whom I deliver the document(s) indicated below, and which contents and purpose are explained as well. In the same manner, I advise the recipient of the documents the obligation that he/she has to deliver the document(s) to the addressee or informing him/her in case the whereabouts are known.

Documents delivered:

[ ] Summons notice to the addressee, expressing the reason, the term and the administrative body before he/she should appear and the contingencies that the summons involve.

[ ] Notice to appear for the addressee to appear in the assigned place, on the day and time stated on the notice, in which the reason for the summons with the contingencies which are also included. On the day___, time_____--

[ ] Judicial requirement to the addressee expressing the matter in question. Orders to be followed, tie and contingencies the requirement involves.

[X] Notification receipt and/or true copy of _*documentation*__ dated _*January/25/07*_, dictated on the mentioned trial, relating to the referred matter, which includes the appeal against it, the terms and the administrative body before he/she should appear.

[ ] Copy of the legal documents filed by the parties involved in the resolution/diligence of the orders previously notified.

[ ] Copy of the lawsuit/report and provided documents.

[ X ] States: _*that the documentation has been left in the mailbox 35 property of the mentioned entity*_ _____.

Having performed the said notification, the recipient signs in my presence
Recipient's signature                    Official's signature.

[seal]

**SERVICIO COMÚN DEL PARTIDO JUDICIAL DE MARBELLA**

☒ Avda, Arias de Velasco nº 15.- Sede de los Juzgados.- C.P. 29600. -

N.Ref: _Exp. Civil 557/07_
Juzgado: _Comisión Rogatoria Estados Unidos_
Procedimiento: _Referencia 289/07_

### DILIGENCIA DE COMUNICACIÓN DOMICILIARIA.-

En MARBELLA, a ___22___ de ___03___ de 2007

La extiendo yo el/la Agente Judicial, para hacer constar que en el día de hoy, me constituyo en el domicilio indicado _Urb. Guadalmina Alta, Edf. BARCLAYS local 4 - Marbella (San Pedro Alcántara)_ al objeto de llevar a efecto el acto de comunicación acordado en el juicio referenciado a _ADVANCED ENGINEERING DEVELOPMENT LTD._

☐ Teniéndole presente, le hago entrega del/l/los documento/s que abajo se indica/n, cuyo contenido y finalidad se expresa/n.

☒ No hallando al destinatario/a a la hora indicada, pero sí quien manifiesta ser _encargada Mail Box - local 4_ y llamarse _Dña. Magdalena Tranquilino_ _____, mayor de catorce años, a quien hago entrega del/de los documentos que abajo se indica/n, cuyo contenido y finalidad igualmente se expresa/n. Así mismo, advierto al receptor la obligación que tiene de entregar el/los documento/s al destinatario o de darle aviso si sabe su paradero.

Documentos entregados:

☐ Cédula de emplazamiento al destinatario, con expresión de su objeto, el plazo y el órgano ante el que debe comparecer y las prevenciones que constan en la misma cédula.

☐ Cédula de citación al destinatario para comparecer en el lugar designado, el día y hora expresados en la cédula, en la que se expresa el objeto de la citación con las prevenciones que igualmente constan. Para el día _____,hora _____.

☐ Requerimiento judicial al destinatario con expresión del asunto en que se acuerda, orden que debe cumplirse, tiempo y prevenciones que constan en el requerimiento.

☒ Cédula de notificación y/o copia literal de_ documentación _____ de fecha _Enero 25/07_ _____, dictada en el juicio referenciado, con expresión del asunto a que se refiere, y en la que consta el recurso que cabe contra la misma, el plazo y el órgano ante el que debe interponerse.

☐ Copia del/de los escrito/s presentado/s por la/s parte/s a que se refiere la resolución/diligencia de ordenación anteriormente notificada.

☐ Copia de la demanda/denuncia y documentos aportados.

☒ Manifiesta:_ que procede a dejar la documentación en el buzón 35 propiedad de la entidad, indicada _____

Realizado el acto de comunicación expresado, firma conmigo el receptor.
Firma del receptor                    Firma del funcionario



**MINISTERIO
DE JUSTICIA**

SUBSECRETARIA DE JUSTICIA

SUBDIRECCION GENERAL DE
COOPERACION JURIDICA
INTERNACIONAL

O   F   I   C   I   O

| | |
|---|---|
| S/REF. | 06 CV 15522 |
| N/REF. | 0000289 / 2007 - NPC |
| FECHA | 23/04/2007 |
| ASUNTO | DILIGENCIAS |

**RICK HAMILTON**

- 633 YESLER WAY -

**WA 98104 SEATTLE ESTADOS UNIDOS**

En fecha 25/01/2007, nos remitió una solicitud de asistencia judicial procedente de ESTADOS UNIDOS por la que solicitaba la práctica de una notificación en España, a D/Dª **ADVANCED ENGINEERING DEVELOPMENT LTD.**, al amparo de lo dispuesto en el CONVENIO RELATIVO A LA NOTIFICACION O TRASLADO EN EL EXTRANJERO DE DOCUMENTOS JUDICIALES Y EXTRAJUDICIALES EN MATERIA CIVIL O COMERCIAL, "LA HAYA 15 DE NOVIEMBRE DE 1965" (B.O.E. 25-8-87).

Adjunto tengo el honor de remitirle de nuevo la documentación, acompañada de las diligencias practicadas por el      DECANO DE MARBELLA.

Madrid a 23/04/2007

MINISTERIO DE JUSTICIA
REGISTRO GENERAL S.B. 48
**2 5 ABR. 2007**
**SALIDA**

LA SUBDIRECTORA GENERAL DE COOPERACIÓN
JURÍDICA INTERNACIONAL (p.o).

Paula Mongé Royo
(Jefa de Área de Auxilio Judicial)

CORREO

( D

SAN BERNARDO Nº 62
28015 MADRID
TEL.: 91 390 22 28
FAX: 91 390 44 57

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| **Rick Hamilton**<br>**633 Yesler Way**<br>**Seattle, WA 98104**<br>**United States of America**<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983<br>which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | Secretaria General Tecnica<br>Subdireccion de Cooperacion<br>Juridica Internacional<br>Ministerio de Justicia<br>San Bernardo, 45<br>28015 Madrid, Spain |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in
conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.;
(identity and address)

**ADVANCED ENGINEERING DEVELOPMENT LTD.**
**UR. GUADALMINA ALTA ED BARCLAYS LOCAL 4,**

**SAN PEDRO, MARBELLA, MALAGA**
**29678**
**SPAIN**

DOB:                          Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents — and of the
annexes* — with a certificate as provided on the reverse side.

Hearing Date:

List of documents:

SUMMONS IN A CIVIL CASE; COMPLAINT WITH EXHIBITS 1, 2, AND 3        Done at Seattle, Washington USA, on Jan 25 2007

Signature and/or stamp



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may be used)
* Delete if inappropriate

# SUMMARY OF THE DOCUMENT TO BE SERVED

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

## (article 5, fourth paragraph)

Name and address of the requesting authority:    **Rick Hamilton**
**633 Yesler Way**
**Seattle, WA 98104**
**United States of America**

Particulars of the parties:

| | | |
|---|---|---|
| **MUSKET CORPORATION** | vs. | **PDVSA PETRULEO, S.A., a/k/a PDVSA PETROLEO Y GAS, S.A. and ADVANCED ENGINEERING DEVELOPMENT LTD.** |

## JUDICIAL DOCUMENT*

Nature of the document:

To give notice to the Defendant of the institution against them of a claim for civil damages, and summon them to answer to the claim.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:

Plaintiff is seeking to recover civil damages, amount to be determined in court.

Date and place for entering appearance:*

Defendant has twenty days from receipt of the Summons to answer to the claim, address is noted on the Summons.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
   Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
   n/a

Time limits stated in the document:*
   n/a

TRACKING #: 4206617



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

MUSKET CORPORATION
                    Plaintiff          **SUMMONS IN A CIVIL CASE**

                    v.                 CASE NUMBER:

PDVSA PETRULEO, S.A.,
a/k/a PDVSA PETROLEO Y GAS, S.A.                **06 CV 15522**
and ADVANCED ENGINEERING DEVELOPMENT LTD.,
                    Defendants.
                                              **JUDGE MARRERO**

TO: (Name and address of defendant)

     Advanced Engineering Development Ltd.
     Ur. Guadalmina Alta Ed Barclays Local 4
     San Pedro, Marbella, Malaga
     Spain 29678

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within ____(20)  twenty_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court
within a reasonable period of time after service.

J. MICHAEL McMAHON                    DEC 2 8 2006
_____             _____
CLERK                                 DATE

_/s/ Marios Quintero_
_____
(BY) DEPUTY CLERK

This form was electronically produced by Elite Federal Forms, Inc.

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

_____

☐ Returned unexecuted: _____

_____

_____

☐ Other *(specify):* _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
             Date                                 Signature of Server

                                           _____
                                           Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSKET CORPORATION,

                          Plaintiff,

        - against -

PDVSA PETROLEO, S.A., a/k/a PDVSA
PETROLEO Y GAS, S.A., and ADVANCED
ENGINEERING DEVELOPMENT LTD.,

                          Defendants.

06CV 15522
J. MARRERO

Civil Action No.

**COMPLAINT**

FILED : 12/28/2006

        Plaintiff, by and through its attorneys, Holland & Knight LLP, as and for its Complaint,

alleges:

        1.      Plaintiff, Musket Corporation ("plaintiff" or "Musket"), is a Oklahoma

corporation having its principal place of business at 10601 N. Pennsylvania Avenue, Oklahoma

City, Oklahoma.

        2.      Defendant PDVSA Petroleo, S.A., also known as PDVSA Petroleo y Gas, S.A.

("PDVSA"), is, upon information and belief, a state-owned Venezuelan corporation having its

principal place of business in Caracas, Venezuela.

        3.      Defendant Advanced Engineering Development Ltd. ("Advanced Engineering")

is, upon information and belief, a Spanish corporation having its principal place of business in

Malaga, Spain.

        4.      This is a civil action where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between the citizen of a State and citizens or

subjects of foreign states.

5.    In November, 2006, plaintiff, as purchaser, and Advanced Engineering, as seller, entered into a Sales & Purchase Agreement for 35,708 metric tons of D2 Diesel Oil, to be shipped from Venezuela by the vessel "Team Aniara" (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit 1.

6.    The Agreement provides for payment to be made by Musket to PDVSA in part, and to Advanced Engineering in part.

7.    PDVSA is a third-party beneficiary of the Agreement.

8.    To secure the rights of PDVSA as third-party beneficiary, the Agreement provides that Musket shall establish a Standby Letter of Credit to PDVSA.

9.    The Agreement also provides that, in the event of legal proceedings thereunder, the prevailing party shall be entitled to an award of attorneys' fees and costs.

10.    Thereafter, Musket, as applicant, established Standby Letter of Credit No. CTCS-651908 with JPMorgan Chase Bank, N.A. in favor of PDVSA (the "Standby LOC"). A copy of the Standby LOC is annexed hereto as Exhibit 2.

11.    Thereafter, the Agreement was amended in writing. A copy of the "Contract Amendment to Contract" (the "Contract Amendment") is annexed hereto as Exhibit 3. The Contract Amendment, among other things, sets forth the approximate total purchase price of $17,928,695.90, to be adjusted on the basis of shore tank receipt figures, and provides that the purchase price shall be paid and allocated as follows: approximately $14,430,000.00 to PDVSA; approximately $1,309,000.00 to Advanced Engineering; and approximately $2,191,000.00 to Team Tankers AS.

12.    On or about December 10, 2006, the cargo was delivered and discharged at Antwerp, Belgium.

13.    Based on the delivery volume recorded on the shore tank receipts, the total purchase price was $17,933,192.57.

14.    Musket has paid the above-mentioned purchase price in full, by means of wire transfers, as follows: $1,309,000.00 paid to Advanced Engineering on or about December 5, 2006; $2,191,000.00 paid to Team Tankers on or about December 4, 2006; and $14,433,192.57 paid to PDVSA on or about December 19, 2006.

15.    Upon information and belief, notwithstanding plaintiff's payment in full, PDVSA has drawn down the Standby LOC in an amount in excess of $1,500,000.00.

16.    Such a draw-down constitutes a breach of the Agreement and unjust enrichment.

17.    In the alternative, should it be determined that PDVSA is entitled to the funds drawn down, then plaintiff is entitled to judgment against Advanced Engineering in such amount, for breach of contract and unjust enrichment.

WHEREFORE, plaintiff demands judgment in an amount to be determined at trial, but believed to be in excess of $1,500,000.00, against the defendants, together with its attorney's fees, interest and costs, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 28, 2006

                                        HOLLAND & KNIGHT LLP
                                        Attorneys for Plaintiff

                                        By: _____
                                            John J. Reilly (JR 9031)
                                            David D. Howe (DH 6201)
                                        195 Broadway
                                        New York, New York 10007
                                        (212) 513-3200

Exhibit 1

# SALES & PURCHASE AGREEMENT

## BETWEEN

**Advanced Engineering Development Ltd,**
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Malaga Spain 29678
INTRAKAM/ PDVSA OPERATOR
(Hereinafter Referred to as the "Seller")

### AND

**Musket Corporation**
10601 N Pennsylvania Ave,, Oklahoma City, OK 73120
(Hereinafter Referred to as the "Buyer")

## RECITALS

**WHEREAS**, Seller, with full corporate authority and responsibility, agrees to sell and deliver the herein specified quantity and quality of 35'708 metric ton ("MT") D2 Diesel Oil (the "Commodity") to Buyer and Buyer agrees to purchase said Commodity from Seller in the amount and in the quantity herein stipulated.

**NOW, THEREFORE,** the parties hereto agree to enter into this Sale & Purchase Agreement (the "Agreement") upon consideration of the mutual covenants hereof and promise to abide by the terms and conditions of this Agreement to sell and purchases the Commodity.

**Commodity Specifications:** As per attached Schedule A.

**Quantity:** 35'708 MT.

**Destination/Delivery:** Delivered into destination shore tanks on the M/T TEAM ANTARA.

**Origin:** Venezuela.

**Price:** On Delivered basis to the U.S. Gulf Coast and or European port option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon. All other destinations to be adjusted according to the charter party.



**Documents:**  The documents that will be handed over by Seller to Buyer for confirmation that the Commodity has been discharged are as follows:

(i)     One (1) original and three (3) copies of the Commercial Invoice, based on the loaded quantity and quality by SGS report, showing name of vessel, date of completion, discharge quantity and state of delivery;

(ii)    Three (3) original and non-negotiable copies of Bill of Lading ("B/L"), with the B/L to be signed by the owner and master of vessel issued or endorsed to the order or to the Buyer showing destination;

(iii)   One (1) original and three (3) copies of the Certificate of Quantity issued at the discharge port;

(iv)    One (1) original and three (3) copies of the Certificate of Quality issued at the discharge port;

(v)     One (1) original and three (3) copies of the Certificate of Origin by the oil company;

(vi)    One (1) original and three (3) copies of the Master's Receipt of samples;

(vii)   One (1) original of the Ullage report issued at loading terminal; and

(viii)  One (1) original and three (3) copies of the Cleanliness Report at loading port.

**Payments:**  All payments shall be in US Dollars, against a Standby Letter of Credit to PDVSA Petroleo S.A., within three (3) banking days after the latter of (i) confirmation of compliance with contractual specifications; (ii) discharge of the Commodity; and (iii) confirmation of the quantity in receiving shore tank of Commodity at discharge port, as follows:

A.     Issued to:

PDVSA PETROLEO S.A.

JP MORGAN CHASE NEW YORK N.Y.

270 Park Av. New York 10172

Account No.: 0011992765

Router 022000021 Swift: CHASUS33

Amount:  On Delivered basis to the U.S. Gulf Coast and or European option, as published by Platts on deemed dates 13, 14 & 15 November, 2006 for No. 2 oil waterborne mean quotes, less $0.015 cents per gallon, LESS US$01.00 per MT.

B.     Letter of Credit payable at sight of documents 25 days from BL date. Confirmed by Credit Suisse, Issued to:

ADVANCED ENGINEERING DEVELOPMENT LTD.

CREDIT SUISSE FIRST BOSTON

17 RUE DE LAUSANNE

CH- 1211 GENEVA 70

FAX + 4122 3932334

SWIFT: CRESCHZZ12A

Account Number: 0251-255055-52 USD



{00105863.DOC;4}

2

Amount:  US$██.00 per MT.

**Claims:**  Any claim that either party may have for loss or damages hereunder, due to an occurrence or event, shall be submitted in writing to the other party within a period of two (2) months from the date of that occurrence or event.

In the event that the quality of any one of the delivered batches fails to comply with the contractual specifications, then Buyer shall have the option to accept the said batch at a mutually acceptable lower price, which is agreed upon in writing prior to the commencement of the discharge operations, or to reject the same.

If within thirty (30) calendar days from the date of discharge of a vessel, Buyer fails to inform Seller of the non-compliance of a Commodity with the contractual specifications, the Commodity will be deemed to have been accepted by Buyer, and Seller will accept no non-compliance claim thereafter.

All claims will be made in writing and both parties agree to acknowledge such claims by written acceptance thereof (upon request therefore).

**Laytime:**  Buyer warrants that Seller's nominated vessel(s) will be allowed to discharge their cargo within thirty-six (36) free running hours, Sundays and legal holidays included ("SHINC"), plus six (6) hours after ██████████████████, maintaining at the ship's manifolds an average discharge pressure of not more than ten (10) kilograms per square centimeter (kg/cm2).

NOR shall be given on departure from the loading port, on 96/72/48/24/12 hrs., and on such vessel's arrival at Buyer's designated discharge port, by the ship's master to Buyer and/or its agent, by radio, cable or by hand, at any time, SHINC.

Laytime shall commence ████████ vessel being all-fast in ██████.

**Berthing Order:**  Vessels arriving and issuing a valid NOR within the date rage approved by Musket (the "approved laydays") will be berthed at the terminal dock in the order of their tendering of valid NOR and will have priority over early or late vessels.  A vessel arriving after its approved laydays will be allocated available time slots on the dock schedule.

**Demurrage:**  Demurrage at discharge port (if any) (i) if not caused by Buyer's nominated discharge terminal, will be paid by Seller to Buyer; and (ii) if caused by Buyer's nominated discharge terminal, will be paid by Buyer to Seller. Demurrages amount shall be computed at the charter party rate. For this purpose, Seller shall provide the Buyer with a copy of the original charter party. Demurrages will be based on daily rate or pro-rata thereof.

**Duties and Taxes:**  Buyer shall be responsible for all duties and taxes levied on cargo by the authorities of the country of discharge. Title shall pass from Seller to Buyer when the complete discharge of cargo is made to Buyer.

{00105863.DOC;4}

3

**Applicable Law:**   This Agreement and the legal relations between the parties shall be governed by the laws of the State of New York without giving effect to any conflict of law provision (whether of the State of New York or any other jurisdiction) that would cause the application of the law of any other jurisdiction. The parties agree to make good faith efforts to resolve any dispute arising under or in relation to this Agreement in an amicable manner. All legal proceedings arising under or in relation to this Agreement are to be conducted in English.   In any action to enforce or defend this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs associated therewith.

**Force Majeure:**  Neither party to this agreement shall be responsible for a breach of contract cause by events beyond its reasonable control, including without limitation, acts of God, insurrection, breakdown of refinery operations or supplies to the Seller (upon which Seller necessarily relies in its performance hereunder), civil war, military operations, and national or local emergencies; provided such party acts in good faith and with due diligence to cure such non-performance at the earliest possible date.

**Non-Circumvention / Non-Disclosure:**  The undersigned parties do hereby accept and agree to fulfil obligations due to agents and facilitators; provided that all fees or commissions owed thereto in connection herewith shall be paid by Seller. In the event of direct, or even indirect circumvention through a third party, the circumvented party shall be entitled to legal monetary award equal to the maximum service fees it should have realized from the transaction. Seller agrees to indemnify, defend and hold Buyer harmless from and against any and all liabilities and claims for agent and/or facilitator fees in regard to this Agreement.

**Language and Signing:**  The terms and conditions of this Agreement shall inure to the benefit of and be binding on all parties hereto and their respective successors and assigns. The parties confirm that each has read and understood the terms and conditions hereof as written. If any term and condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of the Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated. Both parties having understood all the terms and conditions of this Agreement hereby agree to honour all clauses with all privileges, rights and immunities pertaining herein, making this Agreement effective on the date of signing by all parties.  If executed in multiple copies by the parties hereto, all such copies taken together shall constitute a binding instrument.

**Declaration:**  The undersigned declare that the foregoing instrument fully sets forth the entire agreement between the parties and that the signatories below have been fully and duly authorised to enter into and bind its respective company to the terms of this Agreement.

{00105863.DOC;4}

4

IN WITNESS WHEREOF, the parties have executed this Agreement under the hand of their duly authorised officers as witnessed below, as of the date of last execution hereof.

SELLER:

ADVANCED ENGINEERING DEVELOPMENT LTD.

By: _____
    Irini Nicoletos, Director

Date of Execution: November ___, 2006

BUYER:

MUSKET CORPORATION

By: _____
Name: _____
Title: _____

Date of Execution: November ___, 2006

{00105863.DOC;4}

5

Exhibit 2

JPMORGAN CHASE BANK    Fax:3129542458    Aug 31 2005 16:55    P.02

**JPMorganChase** ◆

JPMorgan Chase Bank, N.A.
w/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33616

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

IRREVOCABLE STANDBY LETTER OF CREDIT NO. CTCS-651908

BENEFICIARY:
PDVSA PETROLEO Y GAS, S.A.
DIVISION CORPORATIVA DE MANUFACTURA Y MERCADEO
EDIF. PDVSA, TORRE OESTE
AV. LIBERTADOR, LA CAMPINA
CARACAS, VENEZUELA

GENTLEMEN:

BY THE ORDER OF:

APPLICANT:
MUSKET CORPORATION
10601 N. PENNSYLVANIA (73120)
P.O. BOX 26210
OKLAHOMA CITY, OK 73126
UNITED STATES

WE HEREBY ISSUE IN FAVOR OF PDVSA PETROLEO Y GAS, S.A. OUR IRREVOCABLE
STANDBY LETTER OF CREDIT NO. CTCS-651908 FOR THE ACCOUNT OF MUSKET
CORPORATION FOR AN AMOUNT OR AMOUNTS NOT TO EXCEED IN THE AGGREGATE US
$16,400,000.00 +/- 10% (SIXTEEN MILLION FOUR HUNDRED THOUSAND AND 00/100
U.S. DOLLARS PLUS/MINUS TEN PERCENT) AVAILABLE BY YOUR DRAFTS AT SIGHT ON
JPMORGAN CHASE BANK, N.A., CHICAGO, IL EFFECTIVE NOVEMBER 14, 2006 AND
EXPIRING AT OUR OFFICE ON DECEMBER 29, 2006.

FUNDS UNDER THIS CREDIT ARE AVAILABLE AGAINST YOUR DRAFT(S) AS HEREIN
ABOVE SET FORTH MARKED "DRAWN UNDER JPMORGAN CHASE BANK, N.A. LETTER OF
CREDIT NO. CTCS-651908" AND ACCOMPANIED BY THE FOLLOWING:

BENEFICIARY'S SIGNED AND DATED STATEMENT: "WE, PDVSA PETROLEO Y GAS, S.A.,
HEREBY CERTIFY THAT MUSKET CORPORATION HAS FAILED TO PAY US ON DUE DATE
THE AMOUNT OF U.S. $16,400,000.00 PLUS +/- 10% (SIXTEEN MILLION FOUR
HUNDRED THOUSAND AND 00/100 U.S. DOLLARS PLUS AND MINUS TEN PERCENT)FOR
THE SHIPMENT OF MT35,708 OF D2 DIESEL OIL FROM PUNTA CARDON,VENEZUELA TO
HOUSTON, TEXAS, USA SHIPPED ON VESSEL M/T TEAM ANIARA." THEREFORE, WE

JPMORGAN CHASE BANK    Fax:5129542458          Aug 31 2005  16:53    P. 03

**JPMorganChase 🟡**

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651905
APPLICANT REF. NO.: PDVSA-2

DEMAND PAYMENT OF SAID AMOUNT IN SAME DAY FUNDS VIA WIRE TRANSFER TO OUR
ACCOUNT PDVSA PETROLEO S.A., JPMORGAN CHASE BANK, N.A., NEW YORK 270 PARK
AVE., NEW YORK 10172, ACCOUNT NUMBER 0011992765 ROUTER 022000021 SWIFT:
CHASUS33.

WE ENGAGE WITH THE BENEFICIARY THAT DRAFTS DRAWN UNDER AND IN CONFORMITY
WITH THE TERMS AND CONDITIONS OF THIS CREDIT WILL BE DULY HONORED ON
PRESENTATION IF PRESENTED ON OR BEFORE THE EXPIRATION AT OUR COUNTERS AT
300 SOUTH RIVERSIDE PLAZA, MAIL CODE ILL-0236, ATTN: STANDBY LETTER OF
CREDIT UNIT, CHICAGO, IL 60606-0236. THE ORIGINAL LETTER OF CREDIT MUST
ACCOMPANY THE DOCUMENTS REQUIRED UNDER THIS CREDIT FOR ENDORSEMENT.

ALL BANKING CHARGES RELATED TO THIS LETTER OF CREDIT ARE FOR THE ACCOUNT
OF THE APPLICANT. PAYMENTS WILL BE MADE TO THE BENEFICIARY WITHOUT
DEDUCTION OF ANY BANK FEE.

IF THIS CREDIT EXPIRES DURING AN INTERRUPTION OF BUSINESS AS A RESULT OF
ONE OR MORE OF THE OCCURRENCES SPECIFIED IN ARTICLE 17 OF PUBLICATION 500,
IT SHALL BE DEEMED AUTOMATICALLY EXTENDED TO THE DAY OCCURING 30 CALENDAR
DAYS AFTER THE PLACE FOR PRESENTATION RE-OPENS FOR BUSINESS.

IN ACCORDANCE WITH UCP500 ARTICLES 4 AND 15, OUR OBLIGATION TO HONOR
DRAFTS DRAWN AND DOCUMENTS PRESENTED UNDER AND IN CONFORMITY WITH THE
TERMS AND CONDITIONS OF THIS CREDIT IS INDEPENDENT OF THE UNDERLYING
TRANSACTION AND WE ARE NOT RESPONSIBLE FOR ACCURACY OF ANY STATEMENT MADE
IN ANY DOCUMENT REQUIRED, IRRESPECTIVE OF WHETHER THE APPLICANT HAS BECOME
SUBJECT TO ANY BANKRUPTCY, REORGANIZATION OR INSOLVENCY PROCEEDING.

THIS LETTER OF CREDIT SETS FORTH IN FULL THE TERMS OF OUR UNDERTAKING, AND
SUCH UNDERTAKING SHALL NOT IN ANY WAY BE MODIFIED, AMENDED OR AMPLIFIED BY
REFERENCE TO ANY DOCUMENT, INSTRUMENT OR AGREEMENT REFERRED TO HEREIN OR
IN WHICH THIS LETTER OF CREDIT IS REFERRED TO OR TO WHICH THIS LETTER OF
CREDIT RELATES, AND ANY SUCH REFERENCE SHALL NOT BE DEEMED TO INCORPORATE
HEREIN BY REFERENCE ANY DOCUMENT, INSTRUMENT OR AGREEMENT.

THIS LETTER OF CREDIT IS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE
LAWS OF THE STATE OF NEW YORK, AND, EXCEPT AS OTHERWISE EXPRESSLY STATED
HEREIN, TO THE UNIFORM RULES FOR DOCUMENTARY CREDITS, ICC PUBLICATION NO:

JPMORGAN CHASE BANK     Fax:3129542058          Aug 31 2003  16:53     P.04

## JPMorganChase ⬡

JPMorgan Chase Bank, N.A.
c/o JPMorgan Treasury Services
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

NOV 14, 2006
OUR L/C NO.: CTCS-651908
APPLICANT REF. NO.: PDVSA-2

500, 1993 REVISION, AND IN THE EVENT OF ANY CONFLICT, THE LAWS OF THE
STATE OF NEW YORK WILL CONTROL, WITHOUT REGARD TO PRINCIPLES OF CONFLICT
OF LAWS.

PLEASE ADDRESS ALL CORRESPONDENCE REGARDING THIS LETTER OF CREDIT TO THE
ATTENTION OF THE STANDBY LETTER OF CREDIT UNIT, 300 S. RIVERSIDE PLAZA,
MAIL CODE IL1-0236, CHICAGO, IL 60606-0236, INCLUDING THE LETTER OF CREDIT
NUMBER MENTIONED ABOVE.  FOR TELEPHONE ASSISTANCE, PLEASE CONTACT THE
STANDBY CLIENT SERVICE UNIT AT 1-800-634-1969, SELECT OPTION 1, AND HAVE
THIS LETTER OF CREDIT NUMBER AVAILABLE.

_E. Aldana_
AUTHORIZED SIGNATURE

B.     <u>Issued to</u>:

ADVANCED ENGINEERING DEVELOPMENT LTD.
CREDIT SUISSE FIRST BOSTON
17 RUE DE LAUSANNE
CH- 1211 GENEVA 70
FAX + 4122 3932334
SWIFT: CRESCHZZ12A
Account Number: 0251-255055-52 USD

<u>Amount</u>: $1,309,000.00

C.     <u>Issued to</u>:

TEAM TANKERS AS
NORDEA BANK FINLAND, PLC, NEW YORK
ABA: 026010786 SWIFT: NDEAUS3N

<u>Amount</u>: $2,191,000.00

**SELLER:**

ADVANCED ENGINEERING DEVELOPMENT LTD.

By: _____
Irini Nicoletos, Director

Date of Execution: November ___, 2006

**BUYER:**

MUSKET CORPORATION

By: _____
Name: _____
Title: _____

Date of Execution: November ___, 2006

AO440 (Rev.10/93) Cédula de Emplazamiento en una Acción Civil

# CORTE DISTRITAL DE LOS ESTADOS UNIDOS

## Distrito Sureño de Nueva York

| | |
|---|---|
| Musket Corporation | CÉDULA DE EMPLAZAMIENTO EN UN CASO CIVIL |
| Demandante | Número del caso: 06 CV 15522 |

Contra

PDVSA PETRULEO S.A.,
o PDVSA PETROLEO Y GAS; S.A.
Y ADVANCED ENGINEERING DEVELOPMENT LTD.

Demandados                                    **JUEZ MARRERO**

A: (Nombre y Dirección del Demandado)

Advanced Engineering Development Ltd.
Ur. Guadalmina Alta Ed Barclays Local 4
San Pedro, Marbella, Málaga
España 29678

**POR MEDIO DE LA PRESENTE SE LE EMPLAZA** y solicita envíe al
**ABOGADO DEL DEMANDANTE** (Nombre y Dirección)

Respuesta a la demanda de la cual se le notifica por medio de la presente, dentro de los _**20 (veinte)**_ días después de entregada la presente cédula de emplazamiento, sin contar el día de entrega. De no hacerlo, se procederá a sentencia en rebeldía contra usted por la compensación exigida en la demanda. Usted deberá a su vez interponer respuesta con el Secretario de esta Corte en un periodo de tiempo razonable posterior a la entrega de la presente.

| | |
|---|---|
| **J. MICHAEL McMAHON** | 28 de Diciembre de 2006 |
| Secretario | Fecha |
| (Firma) Marcos Quintero | |
| Subsecretario | |

El presente formulario fue producido en forma electrónica por Ellite Federal Forms Inc.

| RETORNO DE ENTREGA | |
|---|---|
| La entrega de Cédula de Emplazamiento y Demanda fue realizada por mí[1]. | Fecha: (En blanco) |
| Nombre del Funcionario *(IMPRENTA)*: (En blanco) | Cargo: (En blanco) |

Marque a continuación el casillero que corresponda a la modalidad de entrega:

☐ Entregado al Demandado personalmente. Lugar de entrega: (En blanco)_____
_____

☐ Se dejó copias de la misma en la residencia o lugar de estadía habitual del Demandado, con una persona de edad y discreción adecuadas residente en el lugar. Nombre de la persona con quien se dejó la cédula y demanda: (En blanco) _____
_____

☐ Retorno sin ejecutar. (En blanco) _____
_____
_____
_____

☐ Otros (Especificar (En blanco) _____
_____
_____

| DECLARACIÓN DE TARIFAS DE ENTREGA | | |
|---|---|---|
| TRASLADOS | SERVICIOS | TOTAL |

### DECLARACIÓN DEL FUNCIONARIO

Declaro so pena de incurrir en perjurio bajo las leyes de los Estados Unidos de América, que la información que antecede contenida en el Retorno de Entrega y en la Declaración de Tarifas de Entrega es verdadera y correcta.

Ejecutado el día <u>(En blanco)</u>_____    <u>(En blanco)</u>_____
                Fecha                               Firma del Funcionario

                                            <u>(En blanco)</u>_____
                                            Dirección del Funcionario

---

[1] Con referencia a quién está autorizado a entregar una Cédula de emplazamiento, véase artículo 4 del Reglamento Federal de Procedimientos Civiles.

CORTE DISTRITAL DE LOS ESTADOS UNIDOS
DISTRITO SUREÑO DE NUEVA YORK

OGCV 15522

J. Marrero

Acción Civil N°

**DEMANDA**

Entablada el 28/12/2006

MUSKET CORPORATION

        Demandante,

- contra –

PDVSA PETROLEO, SA., o PDVSA
PETROLEO Y GAS, SA, y ADVANCED
ENGINEERING DEVELOPMENT LTD.

        Demandados.

     El Demandante, por intermedio de sus abogados, Holland & Knight LLP, para efectos de la presente demanda, sostiene lo siguiente:

1. El Demandante, Musket Corporation (En adelante "El Demandante" o "Musket", es una corporación de Oklahoma, con sede principal de negocios en 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma.

2. El Demandado PDVSA Petróleo, S.A., o PDVSA Petróleo y Gas, S.A., (en adelante "PDVSA"), es, a nuestro leal saber y entender, una corporación estatal venezolana, con sede principal de negocios en Caracas, Venezuela.

3. El Demandado Advanced Engineering Development Ltd. (En adelante "Advanced Engineering"), es, a nuestro leal saber y entender, una corporación española con sede principal de negocios en Málaga, España.

4. La presente es una acción civil en la que la materia de controversia excede la suma o valor de $75,000 sin intereses ni costos, y se da entre un ciudadano de un Estado, y ciudadanos o súbditos de estados extranjeros.

5. En noviembre de 2006, el Demandante, como comprador, y Advanced Engineering, como vendedor, celebraron un Contrato de Compraventa por 35,708 toneladas métricas de Petróleo Diesel D2, a ser enviado desde Venezuela en el buque "Team Aniara" (En adelante "El Contrato"). Se encuentra anexa copia del Contrato como Anexo 1.

6. El Contrato establece que los pagos los realice Musket, en parte a PDVSA, y en parte a Advanced Engineering.

7. PDVSA es un tercero beneficiario del Contrato.

8. Para asegurar los derechos de PDVSA como tercero beneficiario, el Contrato establece que Musket expida una carta de crédito Stand By a PDVSA.

9. El Contrato también establece que, en caso de procedimientos legales bajo la misma, la parte ganadora tendrá derecho a una compensación por costos de abogados y costas procesales.

10. En consecuencia, Muskett, como solicitante, estableció la Carta de Crédito Stand By N ° CTCS-651908 con JPMorgan Chase Bank, N.A, a favor de PDVSA (En adelante la CDC Stand By). Se adjunta copia de la CDC Stand By como Anexo N ° 2.

11. Seguidamente, el Contrato se modificó por escrito. Se adjunta copia de "Rectificación de Contrato" (en adelante, "Rectificación del Contrato"), como Anexo N ° 3. La Rectificación del Contrato, entre otras cosas, establece el precio de compra total aproximado de $17,928.695.90 a ser reajustados sobre la base de los recibos por tanque en tierra, y establece que el precio de compra será pagado y distribuido como sigue: aproximadamente $14,430,000,00 a PDVSA; aproximadamente $1,309,000.00 a Advanced Engineering, y aproximadamente $2,191,000.00 a Team Tankers, A.S.

12. Aproximadamente el 10 de diciembre de 2006 o en esa fecha, la carga fue enviada y descargada en Amberes, Bélgica.

13. Basado en el volumen de carga registrado en los recibos por tanque en tierra, el precio de compra total fue de $17,933,192.57.

14. Musket ha pagado el precio de compra antes mencionado en su totalidad, mediante transferencias bancarias, como sigue: $1,309,000.00 pagado a Advanced Engineering aproximadamente el 5 de diciembre de 2006, $2,191,000.00 pagados a Team Tankers el o alrededor del 4 de diciembre de 2006, y $14,433,192.57 pagados a PDVSA aproximadamente el 19 de diciembre de 2006.

15. A nuestro leal saber y entender, no obstante el pago total del Demandante, PDVSA ha dispuesto de la CDC Stand-By por un monto en exceso de $1,500,000.00.

16. Dicha disposición constituye incumplimiento de contrato y enriquecimiento ilícito.

17. Alternativamente, de determinarse que PDVSA tiene derecho a los fondos dispuestos, el Demandante está facultado a demandar a Advanced Engineering por dicho monto, por incumplimiento de contrato y enriquecimiento ilícito.

**POR TANTO**, el Demandante demanda proceso por un monto a ser determinado en el juicio, pero estimado en un exceso de $1,500,000.00 contra los Demandados, junto con las tarifas de sus abogados, intereses y costas, y toda compensación que la Corte considere justa y apropiada.

Fecha: Nueva York, Nueva York,
       28 de Diciembre de 2006.

HOLLAND & KNIGHT LLP

Abogados del Demandante

(Firma)

John J. Reilly (JR 9031)

David D. Howe (DH 6201)

195 Broadway

Nueva York, Nueva York, 10007

(212) 513-3200

# Anexo 1

{00105863.DOC;4}                    1

# CONTRATO DE COMPRAVENTA

## ENTRE

**Advanced Engineering Development Ltd.**

Ur. GuadalminaAlta Ed Barclays Local 4

San Pedro, Marbella, Málaga, España 29678

OPERADOR INTRAKAM/PDVSA

(En adelante "El Vendedor")

Y

**Musket Corporation**

10601 N Pennsylvania Ave., Oklahoma City, OK 73120

(En adelante "El Comprador")

## ANTECEDENTES

**CONSIDERANDO:** Que el Vendedor, en completa autoridad y responsabilidad corporativa, acepta vender y entregar la cantidad y calidad especificadas por

{00105863.DOC;4}                    2

este medio de 35'708 toneladas métricas ("TM") de petróleo diesel D2 ("la Mercadería") al Comprador, y el Comprador acepta adquirir dicha Mercadería del Vendedor por el monto y cantidad estipulados por medio del presente.

**EN VISTA DE LO CUAL**, las partes aceptan celebrar el presente Contrato de Compraventa (en adelante "el Contrato") habiendo considerado las obligaciones mutuas del mismo, y prometen ceñirse a los términos y condiciones del presente Contrato al comprar y vender la Mercadería.

**Especificaciones de la Mercadería:** Según se adjunta en <u>Cronograma A</u>.
**Cantidad:** 35'708 TM.
**Destino/Entrega:** Entrega a los tanques en tierra de destino por medio del M/T TEAM ANIARA.
**Origen:** Venezuela
**Precio:** Sobre la base de envío a la Costa del Golfo de los Estados Unidos u opción de Puerto europeo según lo publicado por Platts en fechas estimadas 13,14 y 15 de noviembre de 2006, por cotizaciones promedio a flote para petróleo N ° 2, menos $0.015 centavos por galón. Todos los otros destinos a ser ajustados según la parte transportadora.

**Documentos:** Los documentos que el Vendedor habrá de entregar al Comprador para confirmar que la Mercadería ha sido descargada son los que se indican a continuación:

(i)     Un (1) original y tres copias de la factura comercial, basada en la cantidad cargada y calidad según reporte SGS, mostrando nombre del buque, fecha de cumplimiento, cantidad descargada y estado de la entrega.

(ii)    Tres (3) originales no negociables del conocimiento de embarque ("C/E") firmado por el dueño y maestre del buque a cuya orden fue expedido o endosado, o al Comprador mostrando destino.

(iii)   Un (1) original y tres (3) copias del Certificado de Cantidad expedido en el puerto de descarga.

(iv)    Un (1) original y tres (3) copias del Certificado de Calidad expedido en el puerto de descarga.

(v)     Un (1) original y tres (3) copias del Certificado de Origen expedido por la
        empresa petrolera.

(vi)    Un (1) original y tres (3) copias del Recibo de Muestras del Maestre.

(vii)   Un (1) original del Reporte de merma expedido en el Terminal de carga y

(viii)  Un (1) original y tres (3) copias del Reporte de Limpieza en el Puerto de
        Carga.

**Pagos:** Todos los pagos se harán en Dólares Americanos contra Carta de
Crédito Stand-By a PDVSA Petróleo S.A. dentro de los tres (3) días
bancarios posteriores a la misma de (i) Confirmación de cumplimiento con
especificaciones contractuales, (ii) descarga de la Mercadería; y (iii)
Confirmación de la cantidad de Mercadería recibida en el tanque en tierra
en el puerto de descarga, como sigue:

A. <u>Expedido a nombre de:</u>

PDVSA PETRÓLEO S.A.
JP MORGAN CHASE NEW YORK N.Y.
270 Park Av. New York 10172
Cuenta N ° 0011992765
Router 022000021 Swift: CHASUS33

<u>Monto:</u> Sobre la base de envío a la Costa del Golfo de los Estados Unidos u
opción de Puerto europeo según lo publicado por Platts en fechas estimadas
13,14 y 15 de noviembre de 2006, por cotizaciones promedio a flote para
petróleo N ° 2, menos $0.015 centavos por galón, MENOS US $ 61.00 por TM.

B. <u>Carta de Crédito pagadera a la vista de documentos a 25 días de la
   fecha del C/E.  Confirmada por Credit Suisse, expedida a nombre de:</u>
ADVANCED ENGINEERING DEVELOPMENT LTD.
CREDIT SUISSE FIRST BOSTON
17 RUE DE LAUSANNE
CH-1211 GENEVA 70
FAX + 4122 3932334

{00105863.DOC;4}                    4

SWIFT: CRESCHZZ12A

Número de Cuenta: 0251-255055-52 USD

Monto: US $61.00 por TM.

**Reclamaciones:** Toda reclamación que cualquiera de las partes pudiese tener por pérdidas o daños bajo el presente contrato, debido a algún acontecimiento o evento, deberá ser enviada por escrito a la otra parte en un periodo de dos (2) meses a partir de la fecha en que ocurrió el evento.

En el caso de que la calidad de cualquiera de los lotes enviados no cumpliese con las especificaciones contractuales, el Comprador tendrá la opción de aceptar dicho lote por un precio menor convenido mutuamente, el que será acordado por escrito antes del inicio de las operaciones de descarga., o de rechazar el mismo.

Si dentro de los treinta (30) días calendario a partir de la fecha de descarga del buque, el Comprador no cumple con informar al Vendedor de que la Mercadería no se ajusta a las especificaciones contractuales, se considerará que la Mercadería ha sido aceptada por el Comprador, y el Vendedor no aceptará reclamación en este sentido a partir de ese momento.

Todas las reclamaciones se efectuarán por escrito y ambas partes aceptan reconocer tales reclamaciones mediante aceptación por escrito de las mismas (a solicitud).

**Tiempo de Plancha:** El Comprador garantiza que al (a los) buques nominados por el Vendedor se les autorizará descargar su carga dentro de las 36 horas laborables siguientes, incluyendo domingos y feriados legales (IDYFL), más seis (6) horas después de atracar en el muelle de descarga, manteniendo una presión de descarga en los colectores del barco de no más de diez (10) kilogramos por centímetro cuadrado (kg/cm2).

{00105863.DOC;4}                    5

La Carta de Alistamiento / Notificación de Arribo (CA/NA) se dará salida del puerto de carga a las 96/72/48/24/12 horas, y a la llegada de dicho buque al puerto de descarga designado por el Comprador, por el Maestre del barco al Comprador y/o su agente, por radio, cable o por mano, en ningún momento, IDYFL.

El tiempo de plancha comenzará una vez atracado el buque.

**Orden de Atraque:** Los buques que arriben y presenten una CA/NA válida dentro del rango de fechas aprobado por Musket (en adelante "los días de plancha aprobados") serán atracados en el muelle Terminal a la orden de tenencia de CA/NA válida y tendrá prioridad sobre buques que hayan llegado antes de tiempo o con retraso. Al buque que llegue después de sus días de plancha aprobados, se le asignarán periodos de tiempo disponibles según el horario del muelle.

**Demora:** La demora en el puerto de descarga (de haberla) (i) de no ser causada por el Terminal de descarga nominado por el Comprador, será pagada por el Vendedor al Comprador y (ii) de ser causada por el Terminal de descarga nominado por el Comprador, será pagada por el Comprador al Vendedor. El monto de las demoras será computado a la tarifa de la parte transportadora. Las demoras se basarán en tarifa diaria o en proporción a la misma.

**Impuestos y Obligaciones:** El Comprador será responsable de todos los impuestos y obligaciones a que se grave la carga por las autoridades del país de descarga. El título pasará del Vendedor al Comprador cuando se haya realizado la descarga completa de la carga al Comprador.

**Legislación Aplicable:** El presente contrato y las relaciones legales entre las partes se regirán por las leyes del Estado de Nueva York sin dar efecto a conflicto alguno de disposiciones legales (ya sea del Estado de Nueva York o de alguna otra jurisdicción) que pudiese causar la aplicación de la legislación de cualquier otra jurisdicción. Las partes acuerdan actuar de

buena fe haciendo todos los esfuerzos para resolver cualquier disputa que surgiese bajo o en relación con el presente Contrato en forma amigable. Todo procedimiento legal que surgiese bajo o en relación con el presente Contrato ha de ser llevado a cabo en Inglés. En toda acción para hacer valer o defender el presente Contrato, la parte ganadora tendrá derecho a una compensación por tarifas razonables de sus abogados y costos asociados a la misma.

**Fuerza Mayor:** Ninguna de las partes del presente Contrato se hará responsable de causal de incumplimiento de contrato por eventos que vayan más allá de su razonable control, incluyendo sin limitarse actos de Dios, insurrección, paralización de las operaciones de la refinería o abastecimiento al Vendedor (de cuyo desempeño depende necesariamente el Vendedor), guerra civil, operaciones militares y emergencias locales o nacionales; siempre y cuando dicha parte actúe de buena fe y con adecuada diligencia para subsanar tal falta de desempeño en la fecha más pronta posible.

**No Circunvención / No Divulgación:** Las partes que suscriben acuerdan y aceptan por medio de la presente cumplir con las obligaciones contraídas con agentes y facilitadores, siempre y cuando las tarifas y comisiones adeudadas a este respecto o en conexión con el mismo sean pagadas por el Vendedor. En caso de circunvención directa o incluso indirecta, mediante un tercero, la parte circunventada tendrá derecho a una compensación monetaria igual a las tarifas máximas de servicio que hubiese realizado en la transacción. El Vendedor acepta indemnizar, defender y mantener al Comprador a salvo de toda responsabilidad y reclamación respecto a tarifas de agente y/o facilitador con respecto al presente Contrato.

**Lenguaje y Firma:** Los términos y condiciones del presente Contrato habrán de redundar en beneficio de y obligar a todas las partes al mismo y a sus respectivos sucesores y beneficiarios. Las partes confirman que cada una ha leído y comprendido los términos y condiciones del mismo, tal y como está escrito. Si cualquiera de los términos o condiciones del presente

Contrato fuese declarado nulo o no exigible por alguna corte de jurisdicción competente, el resto del Contrato permanecerá vigente y no será afectado, menoscabado o invalidado en forma alguna. Habiendo comprendido ambas partes los términos y condiciones del presente Contrato, ambas aceptan honrar todas las cláusulas, con todos los privilegios, derechos e inmunidades correspondientes al mismo, haciendo efectivo el presente Contrato a la fecha de su firma por todas las partes. De firmarse varias copias, todas las copias constituirán instrumento valedero

**Declaración:** Los suscritos declaran que el presente instrumento da inicio a la totalidad del Contrato entre las partes y que los abajo firmantes han sido debida y completamente autorizados por sus respectivas empresas para celebrar el presente contrato y obligar a sus respectivas empresas a cumplir con los términos y condiciones del mismo.

EN FE DE LO CUAL, las partes han firmado el presente Contrato por intermedio de sus funcionarios debidamente autorizados, de lo cual doy fe a continuación, en la fecha de la última firma del mismo.

**VENDEDOR:**
**ADVANCED ENGINEERING DEVELOPMENT LTD.**

**Por:**
**Firma: Irini Nicoletos, Director.**
**Fecha de la Firma: (en blanco) de Noviembre, 2006.**
**1 Sello de Advanced Engineering Development Ltd. - International Business Company y Firma**

**COMPRADOR:**
**MUSKET CORPORATION**
**Por: (en blanco)_____**
**Nombre: (en blanco)_____**
**Cargo: (en blanco)_____**
**Fecha de la Firma: (en blanco) de Noviembre, 2006.**

{00105863.DOC;4}                              8

# Anexo 2

JPMorganChase

JP Morgan Chase NA
c/o JP Morgan Treasury Service
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

**14 de Nov. 2006**
**Nuestra C/C N ° CTCS-651908**
**REF. SOLICITANTE N ° PDVSA-2**

EN CONSECUENCIA, EXIGIMOS EL PAGO DE DICHO MONTO POR FONDOS A LA VISTA POR MEDIO DE TRANSFERENCIA BANCARIA A NUESTRA CUENTA PDVSA PETROLEO S.A. JPMORGAN CHASE BANK, N.A., NEW YORK 270 PARK AVE., NEW YORK 10172, NUMERO DE CUENTA 011992765, ROUTER 022000021, SWIFT: CHASUS33.

NOS COMPROMETEMOS CON EL BENEFICIARIO A QUE LAS DISPOSICIONES REALIZADAS BAJO Y EN CONFORMIDAD CON LOS TÉRMINOS Y CONDICIONES DEL PRESENTE CRÉDITO SERÁN ADECUADAMENTE HONRADAS A LA PRESENTACIÓN, DE SER PRESENTADA EN O ANTES DE LA FECHA DE VENCIMIENTO EN NUESTROS MOSTRADORES DE 300 SOUTH RIVERSIDE PLAZA, CÓDIGO POSTAL IL1-0236, ATTN: UNIDAD DE CARTAS DE CRÉDITO STAND BY (STAND-BY LETTER OF CREDIT UNIT), CHICAGO, IL 60606-0236. LA CARTA DE CRÉDITO ORIGINAL DEBE ACOMPAÑAR A LOS DOCUMENTOS REQUERIDOS BAJO EL PRESENTE CRÉDITO PARA SU ENDOSO.

TODOS LOS CARGOS BANCARIOS RELACIONADOS CON LA PRESENTE CARTA DE CRÉDITO SERÁN A LA CUENTA DEL SOLICITANTE. LOS PAGOS SE EFECTUARÁN AL BENEFICIARIO, SIN DEDUCCIÓN DE TARIFA BANCARIA ALGUNA.

SI EL PRESENTE CRÉDITO VENCIESE DURANTE UNA INTERRUPCIÓN DE NEGOCIOS COMO RESULTADO DE UNA O MÁS DE LAS OCURRENCIAS ESPECIFICADAS EN EL ARTÍCULO 17 DE LA PUBLICACIÓN 500, SE CONSIDERARÁ PRORROGADO AUTOMÁTICAMENTE HASTA EL DÍA POSTERIOR A LOS 30 DÍAS CALENDARIO DESPUÉS DE QUE LA PLAZA PARA PRESENTACIÓN SE REABRA PARA NEGOCIOS.

EN CONFORMIDAD CON LOS ARTÍCULOS 4 Y 15 DE UPC500, NUESTRA OBLIGACIÓN DE HONRAR LAS DISPOSICIONES REALIZADAS Y LOS DOCUMENTOS PRESENTADOS BAJO Y DE CONFORMIDAD CON LOS TÉRMINOS Y CONDICIONES DEL PRESENTE CRÉDITO, ES INDEPENDIENTE DE LA TRANSACCIÓN SUBYACENTE Y NO NOS HACEMOS RESPONSABLES POR LA EXACTITUD DE NINGUNA DECLARACIÓN REALIZADA EN CUALQUIERA DE LOS DOCUMENTOS SOLICITADOS, PRESCINDIENDO DE SI EL SOLICITANTE SE HA HECHO SUJETO CUALQUIER PROCEDIMIENTO DE QUIEBRA, REORGANIZACIÓN O INSOLVENCIA.

LA PRESENTE CARTA DE CRÉDITO ESTABLECE EN SU TOTALIDAD LOS TÉRMINOS DE NUESTRA GARANTÍA, Y DICHA GARANTÍA NO HABRÁ DE SER MODIFICADA, ENMENDADA O AMPLIADA EN FORMA ALGUNA POR REFERENCIA A CUALQUIER DOCUMENTO, INSTRUMENTO O CONTRATO REFERIDA A LA MISMA, O CON EL CUAL LA PRESENTE CARTA DE CRÉDITO ESTÉ RELACIONADA Y CUALQUIERA DE TALES REFERENCIAS NO HABRÁ DE CONSIDERARSE COMO REPRODUCCIÓN A LA LETRA DE DICHO DOCUMENTO, INSTRUMENTO O CONTRATO.

LA PRESENTE CARTA DE CRÉDITO SE RIGE POR Y ESTÁ INTERPRETADA SEGÚN LAS LEYES DEL ESTADO DE NUEVA YORK, Y, A EXCEPCIÓN DE LO INDICADO EXPRESAMENTE, CONFORME A LA REGLAMENTACIÓN ÚNICA PARA CRÉDITOS DOCUMENTARIOS, PUBLICACIÓN ICC N ° 500, REVISIÓN 1993, Y EN EL CASO DE

JPMORGAN CHASE BANK    FAX: 3129542458    AGO.31.2003  16:53  P.04

## JPMorganChase

JP Morgan Chase NA
c/o JP Morgan Treasury Service
Global Trade Services
10420 Highland Manor Drive
Tampa, FL 33610

**14 de Nov. 2006**
**Nuestra C/C N ° CTCS-651908**
**REF. SOLICITANTE N ° PDVSA-2**

CUALQUIER CONFLICTO, LAS LEYES DEL ESTADO DE NUEVA YORK PREDOMINARÁN SIN CONSIDERAR LOS PRINCIPIOS DE CONFLICTO DE LEYES.

SÍRVASE DIRIGIR TODA LA CORRESPONDENCIA RELACIONADA CON LA PRESENTE CARTA DE CRÉDITO A LA ATENCIÓN DE LA UNIDAD DE CARTAS DE CRÉDITO STAND-BY, 300 S. RIVERSIDE PLAZA, CÓDIGO POSTAL IL1-0236, CHICAGO, IL.60606-0236, INCLUYENDO EL NÚMERO DE CARTA DE CRÉDITO MENCIONADO ARRIBA.  PARA ASISTENCIA POR VÍA TELEFÓNICA, SÍRVASE CONTACTAR CON LA UNIDAD PERMANENTE DE ATENCIÓN AL CLIENTE: 1-800-634-1969, SELECCIONE LA OPCIÓN 1 Y TENGA A MANO EL NÚMERO DE LA PRESENTE CARTA DE CRÉDITO.

(Firma Ilegible)
FIRMA AUTORIZADA

# Anexo 3

# RECTIFICACIÓN DE CONTRATO
# AL CONTRATO CELEBRADO
## ENTRE

**Advanced Engineering Development Ltd.**
Ur. GuadalminaAlta Ed Barclays Local 4
San Pedro, Marbella, Málaga, España 29678
OPERADOR INTRAKAM/PDVSA
(En adelante "El Vendedor")


Y


**Musket Corporation**
10601 N Pennsylvania Ave., Oklahoma City, OK 73120
(En adelante "El Comprador")

Rectificación a las siguientes cláusulas:

**Destino/Entrega:** Entrega a los tanques en tierra de destino por medio del M/T TEAM ANIARA ("el buque") durante el 4-8 de diciembre de 2006.

**Precio:** Sobre la base de envío a Amberes, Bélgica, a $502.36/TM o aproximadamente $17.928,695.90, el monto final de las facturas será determinado según las cifras de los recibos por tanque en tierra.

**Pagos:** Todos los pagos se harán en Dólares Americanos contra Carta de Crédito Stand-By a PDVSA Petróleo S.A. dentro de los tres (3) días bancarios posteriores a la misma de (i) Confirmación de cumplimiento con especificaciones contractuales, (ii) descarga de la Mercadería; y (iii) Confirmación de la cantidad de Mercadería recibida en el tanque en tierra en el puerto de descarga, como sigue:

A.    Expedido a nombre de:

PDVSA PETRÓLEO S.A.

JP MORGAN CHASE NEW YORK N.Y.

270 Park Av. New York 10172

Cuenta N ° 0011992765

Router 022000021 Swift: CHASUS33

Monto: Aproximadamente $14,430,000.00

**1 Sello de Advanced Engineering Development Ltd. - International Business Company**

B.    Expedido a nombre de:

ADVANCED ENGINEERING DEVELOPMENT LTD.

CREDIT SUISSE FIRST BOSTON

17 RUE DE LAUSANNE

CH-1211 GENEVA 70

FAX + 4122 3932334

SWIFT: CRESCHZZ12A

Número de Cuenta: 0251-255055-52 USD

Monto: US $1,309,000.00

C.    Expedido a nombre de:

TEAM TANKERS AS

NORDEA BANK FINLAND, PLC, NEW YORK

ABA: 026010786 SWIFT NDEAUS3N

Monto: $2,191,000.00

**VENDEDOR:**

**ADVANCED ENGINEERING DEVELOPMENT LTD.**

Por:

Firma: Irini Nicoletos, Director

Fecha de la Firma: (en blanco) de Noviembre, 2006.

Anotación a mano: 4-12-2006.

1 Sello de Advanced Engineering Development Ltd. - International Business Company y Firma en cada página del original.

COMPRADOR:

MUSKET CORPORATION

Por: (en blanco) _____

Nombre: (en blanco) _____

Cargo: (en blanco) _____

Fecha de la Firma: (en blanco) de Noviembre, 2006.